(No. 32096.—

B. F. GUMP Co., Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JAMES HARRIS, Plaintiff in Error.)

*Opinion filed January 24, 1952.*

MAURICE A. GOODMAN, of Chicago, (CHARLES WOLFF, of counsel,) for plaintiff in error.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, (DAVID JACKER, JAMES A. SULLIVAN, and WILLIAM H. SYMMES, JR., of counsel,) for defendant in error.

Mr. JUSTICE FULTON delivered the opinion of the court:

This cause comes to us on a writ of error to the circuit court of Cook County to review a judgment and order of that court reversing a decision of the Industrial Commission.

The basic facts underlying this dispute are not contested by either party. James Harris, hereinafter referred to as petitioner, made claim for compensation from B. F. Gump Co., referred to as respondent, for injuries sustained in his employment by respondent. Petitioner was first employed by respondent in 1943 or 1944 making wooden crates and crating machinery. His next position was grinding castings, and then his duties were enlarged to include both grinding and painting. He then painted exclusively for four years until, in 1948, at his own request, he was given janitorial work as well as work in packing and unpacking materials. On February 4, 1949, petitioner injured his back while unloading steel from an elevator. After treatment, he continued with his employment until April 4, 1949, when he again injured his back while transferring grinding rolls of several hundred pounds weight from a skid to a truck. It is this last injury which gives rise to the controversy.

The Industrial Commission found that the injuries sustained by the petitioner arose out of and in the course of his employment and that they were permanent, and awarded petitioner $26 per week for 275 weeks, and thereafter a life pension of $572 per year to be paid monthly.

The circuit court of Cook County reversed and set aside the decision of the Industrial Commission and then entered a further order overruling a motion of the petitioner to

quash the writ of *certiorari* for want of jurisdiction. The principal question, however, is whether or not there was any justification for the order of the lower court in nullifying the award made to petitioner by the Industrial Commission.

The principal defenses relied on by respondent are: (1) that the findings of fact of the Industrial Commission are manifestly against the weight of the evidence; (2) the petitioner incurred his injury while voluntarily doing work for which he was not employed; and (3) that, therefore, the injury did not arise out of and in the course of his employment.

It is true, under our law, that the courts have a duty to set aside findings of the Industrial Commission when such findings are manifestly and palpably against the weight of the evidence. (*Western Cartridge Co.* v. *Industrial Com.* 383 Ill. 231.) It is also well settled that the legal effect of facts not in dispute becomes a matter of law and courts are not bound by a decision of the Industrial Commission on questions of law. *Kensington Steel Corp.* v. *Industrial Com.* 385 Ill. 504.

Conversely, the Industrial Commission, under our statutes, has the primary function of determining facts. (*de Carrion* v. *Industrial Com.* 370 Ill. 474.) It must hear and judge the credibility of the various witnesses, sift the evidence, determine where the preponderance of the evidence lies, and then, upon such determination, render its decision. (*Crepps* v. *Industrial Com.* 402 Ill. 606.) We are not entitled to disturb a decision of the Industrial Commission unless such decision is manifestly against the weight of the evidence or has no substantial foundation in fact. (*Turner* v. *Industrial Com.* 393 Ill. 528.) Further, if the injury is sustained doing an act which is within the sphere and scope of the employment, even though in violation of an order, the employee is entitled to compensation. *Heyman Distributing Co.* v. *Industrial Com.* 376 Ill. 90.

The conflict in the evidence is connected with the type of work which petitioner was hired to do, how he came to be unloading the rolls, and what was told him by supervisory employees of the respondent.

The petitioner testified he was ordered to work on the rolls by one Leland, a supervisory employee of respondent with whom petitioner was working at the time of the accident. Petitioner states that Leland said petitioner's immediate superior had ordered petitioner to help. This is denied by Leland who states that he asked petitioner for help and when petitioner said he was not supposed to do such work he told petitioner never to ask for help himself. He then says petitioner voluntarily helped him.

There is testimony that it was a rule of the plant that employees help each other as the occasion arose. Opposed to this is testimony that there was no such rule and that any aid given by one employee to another was purely voluntary. There is no argument but that aid was often given between employees in the plant. There is testimony that Leland was in the habit of giving petitioner instructions and again we find a conflict in that Leland says he did not so instruct petitioner "very often."

There is also a conflict on the scope of the petitioner's duties. The respondent's testimony indicates that petitioner was told that he was to do no lifting and was to do only light work. Petitioner denies this and says that his employment was for janitor's work and also for general help. It appears that he did assist in some packing and unpacking and loading and unloading on specific orders of the supervisory staff.

It is not necessary to dwell at length on the various conflicts to be found in the evidence given by the witnesses at the hearings. The controlling factor is that there is a conflict in the evidence. It goes without citation of authority that under our law the weight of the evidence does not depend on the number of witnesses testifying or the

amount of evidence compiled. Our theories are built on a more widespread foundation. The little differences in speech, the carriage, the tone of voice and many other factors which cannot be contained in the dry printed words of a transcript also have bearings on the decision. These factors can only be of weight to the person or persons who saw the witnesses and heard them testify. Because of these values we have taken the position in our law that once the Industrial Commission has determined the credibility of the witnesses and decided where the preponderance of the evidence lies, we cannot upset that decision unless it has no substantial foundation in the evidence. (*Turner* v. *Industrial Com.* 393 Ill. 528.) The very fact that there is a dispute on the essential points of evidence in this cause indicates that there is substantial evidence in the record to support the Industrial Commission's holding. We can find no basis for the decision of the circuit court that the award was against the manifest weight of the evidence. If the Industrial Commission chose to believe the evidence on behalf of petitioner as against the testimony of witnesses for the respondent, we cannot say it was not justified in so believing. *Rosenfield* v. *Industrial Com.* 374 Ill. 176.

The conflict in the evidence is also determinative of the second point raised by the respondent. There is evidence in the record to indicate that there was a policy of employee aiding employee in the plant. There is also evidence to the effect that petitioner's duties included the giving of aid in the type of work he was doing at the time of the injury. Under these circumstances, it was the province of the Industrial Commission to determine whether or not the injury was incurred in the scope of the employment. There is sufficient evidence in the record to support the finding that petitioner was injured while performing the work he was employed to do. In any case, respondent knew of the practice of employees aiding each other and made no effort to stop or regulate it. They thereby received

the benefits of this practice. This may have had some weight in the determination by the Industrial Commission that the injury occurred in the scope of the employment. The question of whether or not there was an acquiescence by respondent is one of fact for the commission and we are bound by its finding. *Sunnyside Coal Co.* v. *Industrial Com.* 291 Ill. 523.

The finding of the Industrial Commission not being contrary to the manifest weight of the evidence, the circuit court of Cook County erred in vacating and setting it aside. The judgment of the circuit court is, therefore, reversed and the award of the Industrial Commission confirmed.

*Judgment reversed; award confirmed.*