(No. 39859.—

PEORIA OASIS, INC., Appellant, *vs.* THE INDUSTRIAL COM-
MISSION *et al.*—(William E. McDonald, Appellee.)

*Opinion filed Sept. 23, 1966.—Rehearing denied Oct. 27, 1966.*

CASSIDY, CASSIDY, QUINN & LINDHOLD, of Peoria, (JOHN E. CASSIDY, SR., of counsel,) for appellant.

SWAIN, JOHNSON & GARD, of Peoria, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Peoria County affirming an award for permanent total disability suffered from gunshot wounds.

The sole question is whether the petitioner was injured out of or in the course of his employment. He was an employee of Peoria Oasis, Inc., which operated a late closing night club or strip-tease emporium, was originally hired as a handy man, and had worked there about a month in various capacities, including "bouncer" and sometimes bartender. He later was given a key and there was testimony that he acted as manager in the absence of the owner. There was evidence that petitioner had made arrangements to take off the night he suffered the injuries and asked another to work for him so that he could attend a wedding. He did go to the club that night. Petitioner and some witnesses testified that he was there with a friend only as a guest while others said that he helped the bartender when a waitress failed to appear for work. There also was evidence that some of the other employees were told to say that petitioner was not, in fact, working that night, although that was not true of all.

The question of whether the petitioner was acting in the capacity of an employee at the time of the injury was one of fact to be decided by the Industrial Commission. Its findings will not be disturbed unless they are against the manifest weight of the evidence. (*United States Steel Corp.* v. *Industrial Com.* 32 Ill.2d 68; *Beck* v. *Industrial Com.* 32 Ill.2d 148.) When the evidence is conflicting or susceptible of different reasonable inferences, as here, it will not be disturbed on judicial review. (*Johnson & Johnson* v. *Industrial Com.* 32 Ill.2d 316; *Huddleston* v. *Industrial Com.* 27 Ill.2d 446.) We are not justified in interfering in this case.

The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*