(No. 40516.—

NORTHWESTERN STEEL & WIRE COMPANY, Appellant, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(FAUSTINO
RAMIREZ, Appellee.)

*Opinion filed November 30, 1967.*

HACKBERT, ROOKS, PITTS, FULLAGAR & POUST, of Chi-
cago, (DOUGLAS F. STEVENSON and, GEORGE GESSLER, of
counsel,) for appellant.

KLEIMAN, CORNFIELD & FELDMAN, of Chicago, (JASON
GESMER and ALTON SHARPE, of counsel,) for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

The appellant, the Northwestern Steel & Wire Com-
pany, appeals from the judgment of the circuit court of
Whiteside County, which affirmed the decision of the In-
dustrial Commission awarding compensation to the claim-

ant, Faustino Ramirez, for injuries sustained while in the employ of appellant. The sole question presented on this appeal is whether the accident in question arose out of and in the course of employment.

On February 24, 1964, Ramirez, who was employed by Northwestern Steel & Wire Company as an overhead crane operator, crossed a fence at the company's property line and while proceeding toward a boxcar where the time clock was housed slipped and injured his right knee. Ramirez testified that it had been his practice to use this route to and from the plant for several weeks, rather than to walk the additional 150 to 200 feet to the regular entrance to the mill. This practice provided him the most direct route to the boxcar in which the time clock was located. The claimant offered evidence that this was also a customary route of ingress and egress for many other employees as well.

The appellant argues that the award here was contrary to law, since use of this means of ingress and egress was a violation of company rules, was without the employer's knowledge or consent and hence any injury sustained occurred outside of the claimant's scope of employment. The appellee contends that the award of the Commission essentially involved the determination of questions of fact and should not be set aside unless it was contrary to the manifest weight of the evidence.

The appellant characterizes the question here not as a question of fact but one of law, stating that even if all conflicts of testimony are resolved in favor of the claimant he is nevertheless not entitled to recover under the Workmen's Compensation Act. He argues that the evidence does not indicate that the claimant was following a customary route into the plant, that even assuming that other employees did use this route there is no evidence that the employer knew that they were using this route; that the employer did all it could to prohibit entry to the plant by this route; and

that the circumstances here did not require the employees to use this route. Therefore, the appellant concludes that the injury was sustained while the employee was engaged in a voluntary act for his own convenience, which was not known to nor accepted by his employer, was clearly outside his duties and not compensable, citing *Terminal Railroad Association of St. Louis* v. *Industrial Com.*, 309 Ill. 203; *Roberts & Oake* v. *Industrial Com.*, 378 Ill. 612; *General Steel Castings Corp.* v. *Industrial Com.*, 388 Ill. 66.

We cannot agree that the claimant could not recover as a matter of law since we believe a resolution of the conflicting evidence here is necessary to determine whether the route used was a customary route of the employees; whether there was a violation of company rules which was unknown to the employer and in which he did not acquiesce, and whether a violation of these rules here would render this route so unnecessarily dangerous as to take the employee outside of the scope of employment. Unless these conflicts should have been resolved favorably to the appellant, the cases cited by him are not pertinent nor dispositive of this case. Thus, it is essential that we consider the conflicting evidence.

Gerald Glawe, called by the appellant, testified that he was an assistant in the advertising department of the Northwestern Steel & Wire Company and that at the direction of Charles Farnham, a vice-president of the company, he had taken photographs which purported to show the area where the claimant allegedly had entered the premises of the appellant. The photographs depicted a 5-foot fence with a sign indicating "Positively No Admittance." Glawe believed he had taken the photographs on the day of the accident but he was not certain. Farnham testified that the photographs were taken on the day of the accident and that he believed that they did depict the area where the claimant entered the company's property. Farnham further testified that the use of the area, shown in the photographs, as

means of ingress and egress to the plant was prohibited and that the employees had been notified of this orally, as well as by signs and bulletins. He further stated that he, personally, did not know that the employees were in the practice of using this means of entry to the plant.

The claimant testified that he had used this means of entry to and from the plant for several weeks and that other employees also commonly used this route. He stated that this was the most direct route for him to the boxcar, which housed the time clock. Ramirez testified that the fence in the area where he and the other employees entered the premises had been pressed down to a height of only one and one-half to two feet and that he never observed any signs prohibiting entrance.

Roy Greggert, an employee of the Northwestern Steel & Wire Company for 18 years, appeared on behalf of the claimant and testified that he had used this route to go to work on many occasions. He also stated that at the point where he and other employees entered the plant the fence was low enough to step over and that he had not observed any signs prohibiting entrance.

Howard Miller, another employee, stated that during the period the boxcar had been used for housing the time clock, his usual route for going to and coming from work was by stepping over the fence in question. At the point of crossing it had been pressed down to a height of a foot and one-half to two feet. The only thing the witness observed that resembled a sign was crushed under the fence at the point where he crossed and it could not be read. According to Miller about 100 employees used this means of entry to the appellant's premises. He further stated that the photograph showing a 5-foot fence did not accurately depict the fence as it was at the crossing point on the day of the accident.

Substantially on the basis of this evidence the Industrial

Commission found the claimant's injury to have arisen out of and in the scope of his employment.

We said in *Chmelik* v. *Vana*, 31 Ill.2d 272, at page 279, that "the courts of this jurisdiction have consistently concluded that an injury accidentally received on the premises of the employer by an employee going to or from his actual employment by a customary or permitted route, within a reasonable time before or after work, is received in the course of and arises out of the employment." (See *De Hoyos* v. *Industrial Com.*, 26 Ill.2d 110; *Carr* v. *Industrial Com.*, 26 Ill.2d 347; *Wabash Railway Co.* v. *Industrial Com.*, 294 Ill. 119; 1 Angerstein, Illinois Workmen's Compensation, sec. 403; 37 I.L.P. sec. 155; Greenfield, Injuries Arising Out of and in the Course of Employment, Ill. L. Forum, Vol. 1957, No. 2, pp. 191, 195.) We also said as early as *Wabash Railway Co.* v. *Industrial Com.*, 294 Ill. 119, 125, that "[i]t has been said that an employee must not choose a needlessly dangerous path to and from his work but that it is not necessary for him to use the path or place provided by his master,—that is, it is enough that it is customarily used for these purposes by the workmen and that its use is not specifically forbidden." In *Sesser Coal Co.* v. *Industrial Com.*, 296 Ill. 11, we held that an employee was entitled to compensation although he had violated a company rule where the rule was unenforced, as appeared to be the case here, and it had been the custom of the employees to use the particular means of transportation upon which the employee was injured. (See, *Stephens Engineering Co.* v. *Industrial Com.*, 290 Ill. 88.) Hence, an employee is entitled to compensation if he is injured within the scope of his employment even though he may have violated a rule of his employer. *Gump Co.* v. *Industrial Com.*, 411 Ill. 196; *Heyman Distribution Co.* v. *Industrial Com.*, 376 Ill. 90.

Whether a particular injury received by an employee while going to or returning from work arose out of and in

the course of his employment is a question of fact depending on the circumstances of the case. (*Wabash Railway Co. v. Industrial Com.*, 294 Ill. 119; *General Steel Castings Corp. v. Industrial Com.*, 388 Ill. 66; *Northwestern University v. Industrial Com.*, 409 Ill. 216; *Mt. Olive Coal Co. v. Industrial Com.*, 355 Ill. 222.) The primary responsibility for determining the facts, as we have often stated, is that of the Industrial Commission (*Gump Co. v. Industrial Com.*, 411 Ill. 196), and its decision will not be set aside unless it is contrary to the manifest weight of the evidence or without substantial foundation in fact. *Northwestern University v. Industrial Com.*, 409 Ill. 216; *Gump Co. v. Industrial Com.*, 411 Ill. 196.

There was evidence in the record here that the route the claimant used was a customary means of ingress and egress for a large number of employees; that this route was not inherently dangerous involving only stepping over a fence which had been reduced to a height of a foot and one-half to two feet; and that employees were not aware of any rule that entrance to the plant by this means was prohibited, a rule which appears not to have been enforced by the appellant. Under these circumstances we cannot say that the Commission's finding that the claimant's injury arose out of and in the course of his employment was contrary to the manifest weight of the evidence.

Therefore, the judgment of the circuit court of Whiteside County is affirmed.