(No. 41081.-

MECA MAGNETICS, INC., *et al.*, Appellants, *vs.* THE IN-
DUSTRIAL COMMISSION *et al.*—(Merwin E. Crowe, Ap-
pellee.)

*Opinion filed May 29, 1968.*

DUSCH, HARRINGTON & PORTER, of Champaign, for
appellants.

HAGIN HARPER, of Champaign, and MITCHEM, HEND-
RIX & ALDEEN, of Urbana, (CHARLES W. HENDRIX, of
counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Merwin E. Crowe, president of Meca Magnetics, Inc.,
was granted an award by the Industrial Commission for
injuries he sustained while engaged in the business of the
corporation. The award was affirmed by the circuit court
of Champaign County. The corporation and United States
Fidelity and Guaranty Company appeal directly to this
court.

The sole question is whether Crowe was acting in his
executive capacity as an officer of the corporation or as an
employee of the corporation at the time he sustained his
injury.

There is no dispute as to the facts inasmuch as Crowe was the only witness. Meca is engaged in the business of manufacturing electric transformers to specifications of other manufacturers. The plant is located at Gibson City where Crowe lives. It employs about 10 persons. Crowe is the president and general manager of Meca. Of the 5,000 outstanding shares of stock of the corporation, he owns 4800 shares and his wife and daughter, who are also officers and directors of the corporation, each own 100 shares. His rate of pay is 5% of monthly sales and no income or social security taxes are withheld from his checks.

On March 31, 1964, Crowe received an urgent call from a customer requesting upgrading of an order. He gathered pre-production engineering files and other files of similar transformers to take to Jerome W. Williams, a professor at the University of Illinois in Urbana, who is the consulting engineer for the corporation. While driving to Urbana to see Williams he had an accident and sustained the injuries which are the subject of his claim for compensation.

Appellants state that they have no quarrel with the holding of our recent decision in *B. W. Sales Co.* v. *Industrial Com.*, 35 Ill.2d 418, that the sole stockholder of a corporation is entitled to benefits under the Workmen's Compensation Act if he is injured while performing the duties of an ordinary employee. They argue, however, that we should hold as a matter of law that Crowe was acting in an executive capacity at the time he was injured.

The question of whether a claimant is performing the duties of an executive or those of an ordinary employee can be difficult because elements of both capacities may, as here, be present. This is similar to the issue of whether a claimant is an employee or an independent contractor where elements of both relationships are present. We have held in such a case that where the undisputed facts permit a reasonable inference either way, then the Commission alone is empowered to draw the inference and its decision as to the

weight of evidence will not be disturbed on review. (*Green-berg* v. *Industrial Com.*, 23 Ill.2d 106.) His capacity as executive or employee is a question of fact rather than a question of law, and since it is not contrary to the manifest weight of the evidence we cannot intervene.

The judgment of the circuit court of Champaign County is affirmed.

*Judgment affirmed.*