(No. 41102.—

REVERE PAINT & VARNISH CORP., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Lester W. Nelson, Appellee.)

*Opinion filed Sept. 24, 1968.—Rehearing denied Nov. 21, 1968.*

VAN DUZER, GERSHON, JORDAN & PETERSEN, of Chicago, (JOHN B. VAN DUZER and HORACE W. JORDAN, of counsel,) for appellant.

MORRIS, LISS, ARNOLD & HENNESSY, of Chicago, (V. J. LISS, EDWARD E. REDA, and ROBERT A. HENNESSY, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The Industrial Commission awarded the claimant, Lester W. Nelson, compensation for temporary total disability and for the permanent partial loss of use of his left leg, caused by an accident which it determined had arisen out of and in the course of his employment with the respondent, Revere Paint & Varnish Corp. Medical expenses were included in the award. The circuit court of Cook County affirmed the award, and the respondent has appealed. The issues raised are whether the claimant was an employee of the respondent on the date of the accident, and if so, whether the accident arose out of that employment.

In November of 1962, when the claimant went to work for the respondent as a paint salesman, he had been a salesman for the Sapolin Company for 25 years, and had been retired at age 65. He had known the respondent's president, Cy Rossett, for 25 years. In his work with the respondent the claimant used his own car, and Rossett requested him to make the respondent a beneficiary under his automobile liability policy. The claimant was given a suggested list of customers and color charts and was paid $100 per week. That payment was designated as a "drawing account", which meant that if the commissions at the end of the year exceeded the sum of the weekly payments, the salesman would receive the additional amount; if the total weekly payments exceeded the total commissions, the salesman was not required to make any reimbursement. Rossett explained that salesmen were usually hired on this basis and then it was determined at the end of a month or two "whether the man has made enough commission to continue to give him a salary. If he hasn't we take him off salary and we put him on straight commission."

On January 22, 1963, Rossett told the claimant that "his sales were disappointing." In a letter to the claimant

dated January 25, 1963, Rossett enclosed a check, dated January 28, for $100, to cover the week ending January 26. The letter set out the total amount paid to the claimant during the month of January, and stated what his earnings would have been on a straight commission basis. The excess of payments over commissions was $355.41. The letter continued: "We both realize that it takes time to develop a territory with resulting sacrifice by both parties involved. I feel sure that when the Spring business starts, you will certainly bring in a large volume of business. However, unfortunately Revere sets aside a limited amount for promotion and we are not in a position to continue through February on the present basis. Enclosed is a check for the week ending January 26. After this, we will have to discontinue the drawing account. If you want to work on strictly a commission basis, we will be glad to have you represent us."

January 25, 1963, the date of the letter, was a Friday. On Monday morning, January 28, the claimant slipped on the icy street when getting out of his car at 83rd Street and Merrill Avenue. He testified that he had just come from soliciting business at the Oziminski Paint Store at 8461 Baltimore Avenue. He also testified that when he fell he had gotten out to close the hood of his car, which had partially opened, as it frequently did after a gas station attendant failed to latch it fully. He testified that he also intended to get a haircut if the barber shop across the street was empty, and after that to solicit business from other paint stores.

Rossett testified that the claimant telephoned from the hospital after the accident and said that after he got a haircut he had intended to come into respondent's office to discuss working on commission. He also testified that in that telephone conversation the claimant suggested that Rossett notify the repondent's insurance carrier of the occurrence.

Rossett recorded that conversation in a letter he sent to his insurance agent that same day: "In his phone conversation today, Mr. Nelson said he left home in the morning to come to our factory to tell me he intended to continue on a commission basis. On his way, he stopped near a barber shop. Upon getting out of his car to go to the barber shop, he slipped and fell and could not get up."

Before the arbitrator, attention centered upon when the letter written by Rossett to the claimant prior to the accident was received by the claimant. Rossett and two bank officials, one from the claimant's bank and the other from the bank on which the respondent's check enclosed in the January 25 letter was drawn, testified for the respondent on this issue. The bank officials stated that the markings on the check, as well as their bank records, demonstrated that the check was deposited in the claimant's bank on Saturday, January 26, 1963. The claimant and his wife testified that the letter was not received by them until after the accident on Monday, January 28.

The arbitrator concluded that "from the evidence adduced, * * * the relationship of employee and employer did not exist between said petitioner, Lester W. Nelson, and said respondent, Revere Paint and Varnish Corp., on the 28th day of January, 1963." The Industrial Commission set aside that decision, and found that the relationship of employer and employee did exist between the claimant and the respondent on the date of the accident, and that claimant's accidental injury arose out of and in the course of that employment. The circuit court affirmed.

In this court the parties disagree, both as to the legal effect of the letter written by Rossett to the claimant prior to the accident, and as to the date when that letter was received by the claimant. We find it unnecessary, however, to resolve these questions, because we are of the opinion that even if an employment relation existed, the accident did not arise out of and in the course of the employment.

As this court has noted, "Even though a claimant's testimony, standing alone, would be sufficient to sustain an award, it is the duty of the Commission in the first instance, and of this court in the performance of its function, to consider all the facts and circumstances in evidence. (*Allis-Chalmers Mfg. Co.* v. *Industrial Com.,* 23 Ill.2d 497; *Fisher Body Div., General Motors Corp.* v. *Industrial Com.,* 2̀o Ill.2d 538.) The burden of proof is upon the claimant, and unless the evidence considered in its entirety shows the injury resulted from a cause connected with the employment there is no right to recover under the act. And an award which appears against the manifest weight of the evidence, upon a consideration of all testimony and circumstances, must be set aside. *Corn Products Refining Co.* v. *Industrial Com.,* 6 Ill.2d 439; *Electro-Motive Div., General Motors Corp.* v. *Industrial Com.,* 25 Ill.2d 467." *State House Inn* v. *Industrial Com.,* 32 Ill.2d 160, 164-5.

The claimant argues that as a salesman, he was "exposed to a greater degree to the hazards of the streets and their slippery and icy condition in the winter time than is the general public," that "[d]ropping a defective hood of the car which is slightly ajar is incidental to the employment of a salesman." But the claimant's testimony as to whether he got out of his car to fix the hood or to get a haircut is by no means clear. In his call to Rossett he apparently mentioned only that he wanted to get a haircut. He argues alternatively that even if he intended only to get a haircut, "personal appearance of a salesman is important to the employer and is incidental to the employment." But unless an accident occurs while the claimant is actually performing the duties of his job, a risk is not considered incidental to his employment unless he is exposed to that risk to a greater degree than other members of the public. *Village of Mark* v. *Industrial Com.,* 12 Ill.2d 168.

Upon the entire record in this case, we hold that the award of the Industrial Commission was against the mani-

fest weight of the evidence. The judgment of the circuit court of Cook County is therefore reversed, and the award of the Industrial Commission is set aside.

*Judgment reversed; award set aside.*