(Nos. 40817, 40941 cons.—)
THE CITY OF CHICAGO *vs.* THE INDUSTRIAL COMMISSION
*et al.*—(Joseph De Francisco, Appellee.)

*Opinion filed November 22, 1968.*

RAYMOND F. SIMON, Corporation Counsel, of Chicago, (MARVIN E. ASPEN and MARSILE J. HUGHES, Assistant Corporation Counsel, of counsel,) for appellant.

PERZ & MCGUIRE, of Chicago, (FRANK M. PERZ and JAMES C. SERKLAND, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

In this case the sole question concerns the nature and extent of disability for which workmen's compensation was awarded. There is no dispute that there was an injury arising out of and in the course of employment. The claimant, Joseph De Francisco, fell down and hurt himself while working for the City of Chicago. An arbitrator awarded him 51⁴⁄₇ weeks temporary total disability, an additional sum for a 5% loss of use of the right hand, and $44.10 for medical services over the amount already paid by the City. On review before the Industrial Commission the award for temporary total disability was increased to 64 weeks, and the amount for permanent loss of use was increased to a 40% loss of the right arm. The award for medical services was not changed. On writs of *certiorari* by both the City and the claimant the circuit court of Cook County sustained the award. The City and the claimant each appealed to this court, and the appeals have been consolidated here.

The accident happened on January 29, 1962, as the claimant was transferring equipment from one truck to another. He backed out of the side door of an electrical truck and missed his step, falling backward and striking his head, shoulders and back on the concrete floor. He lay there dazed for a few minutes, but was not unconscious. He was then taken to a clinic and from there to a hospital, where he remained for a week.

On leaving the hospital he went home, but did not return to work. He stated that during and since his hospitalization he noticed a feeling of numbness in three fingers of his right hand, pains in the back of his neck and numerous other problems. He testified to having headaches and dizziness, and according to his testimony and that of his wife he "blacked out" on several occasions. After being seen by three or four different doctors he was sent to Dr. Eric Oldberg, a neurosurgeon. On May 4 he was again examined

and was advised to return to work by May 14. On May 13 medical treatment was discontinued and the City doctors discharged the claimant as being able to work.

He then consulted Dr. Robert Anderson, who gave him tests, and prescribed further medication. He was thereafter seen by Dr. Anderson some 20 times. In January, 1963, the doctor suggested that he try some work around the house, such as shoveling snow, but on his next visit the claimant stated that he became faint or dizzy when attempting to do so. On April 13, 1964, the claimant was again examined by Dr. Oldberg who found that ample time had long since elapsed for full recovery, that in the absence of some objective indications he could not account for the headaches, and that there was no organic disability based upon the injury in question. Dr. Anderson, on the other hand, expressed the opinion that the claimant was suffering from a "post-concussional syndrome" or a "post-traumatic epilepsy". The doctor also noted some clumsiness in the right hand. Claimant never returned to work.

The City insists first that compensation was awarded for an injury—a permanent partial loss of use of the right arm—which the evidence fails to show was sustained. We cannot accept the contention. There was sufficient evidence, if believed by the commission, to warrant it in granting the award. As we have indicated, a conflict, though slight, does exist in the evidence bearing on the loss-of-use question. Both Dr. Anderson and the claimant himself testified to a clumsiness or lack of co-ordination in the right hand or arm, and attributed these difficulties to the accident. It is true, as the City argues, that to recover benefits under the Workman's Compensation Act a claimant has the burden of proving all elements of his case, including the extent and permanency of injury, by a preponderance or greater weight of the evidence. Liability cannot rest upon mere But where, as here, there is evidence from which it could conjecture. (*Arbuckle* v. *Industrial Com.*, 32 Ill.2d 581.)

be reasonably inferred that a claimant suffered an impairment as a result of the accident, the award ought not to be disturbed even though the court might have found otherwise had it been the trier of the facts. Where the evidence is conflicting, or of such a nature that different inferences may be reasonably drawn therefrom it is for the commission to determine where the preponderance lies. *Borg-Warner Corp.* v. *Industrial Com.,* 21 Ill.2d 535.

The City objects further that the award for temporary total incapacity to work is excessive. It is claimed that the award disregards the report of the City's neurologist that the claimant should return to his usual job by May 14, 1962, some 15 weeks after the accident. This contention must also be rejected. The commission was not bound to accept the opinion of Dr. Oldberg where, as here, there was testimony supporting a different view. There is substantial conflict in the testimony of the medical witnesses as to the duration of the claimant's disability, Dr. Anderson expressing the opinion that even at the time of the hearing claimant was still in need of medical care and could not return to work. The weight to be given particular testimony is within the province of the Commission, which determines the facts and draws whatever reasonable inferences and conclusions are warranted by the evidence. It is not the function of this court to find the facts *de novo.* (*Sosniak* v. *Industrial Com.,* 37 Ill.2d 81.) The circuit court was correct in refusing to disturb the award.

From what we have said it follows that the $44.10 award for medical services, about which the City also complains, must be sustained. The City's objection is based upon the contention that the claimant was able to return to work on May 14, 1962, prior to the time he incurred the expense. Since the facts have been found to be otherwise, the City has failed to show any error in confirming the award. Nor can we accept the claimant's argument that this court should find him entitled to a larger sum. The evi-

dence reasonably supports the arbitrator's finding, which was confirmed by the Commission and by the circuit court. As we have indicated above, it is not the function of this court to determine facts and make computations in matters of this kind. The award for medical services has not been shown to be against the manifest weight of the evidence, and it must therefore remain undisturbed.

The judgments of the circuit court are affirmed.

*Judgments affirmed.*