(No. 41449.—
ALBERT BELETZ, Appellant, *vs.* THE INDUSTRIAL COMMIS- MISSION *et al.*—(Bumper Platers, Inc., Appellee.)

*Opinion filed March 27, 1969.*

RAYMOND L. LANNON and WILLIAM J. HARTE, both of Chicago, for appellant.

FRANCIS M. DISCIPIO and RICHARD H. WILLIAMS, both of Chicago, for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

The appellant, Albert Beletz, on October 28, 1964, filed a claim for compensation under the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1967, ch. 48, par. 138 *et seq.*) against Bumper Platers, Inc., an Illinois corporation, for injuries sustained on November 8, 1963. The arbitrator after hearing evidence found that the "petitioner failed to prove [the] relationship of employee and employer existed between said petitioner and said respondent on, to-wit, the 8th day of November, 1963." The claim for compensation was denied. This decision of the arbitrator was affirmed by the Industrial Commission and on writ of *certiorari* the circuit court of Cook County affirmed the action of the Industrial Commission. The appellant under our Rule 302(a) (Ill. Rev. Stat. 1967, ch. 110A, par. 302(a)) has appealed to this court, contending that the finding of the arbitrator as affirmed by the Commission and by the circuit court was clearly against the manifest weight of the evidence.

There is no substantial dispute as to the facts. The appellant owned a 98 per cent interest in each of two corporations, Calumet Custom Chrome Platers, Inc., located in Gary, Indiana, and incorporated under the laws of Indiana, and Bumper Platers, Inc., located at Chicago, Illinois, and incorporated under the laws of Illinois. His wife owned the remaining two percent interest in each corporation. Both corporations were engaged in the business of the straightening and plating of automobile bumpers. Each corporation was a separate entity, and each had a separate charter, its own books and records, its own payroll, and a separate group of employees. Each corporation had its own compensation insurance coverage, *i.e.*, the Illinois corporation had

workmen's compensation insurance covering its employees and the Indiana corporation had a workmen's compensation policy for its employees.

The appellant served as the secretary-treasurer of each corporation. He performed similar duties for both the corporations, which consisted of clerical work, equipment maintenance and repair, and the preparation of plating solutions. While the appellant did not maintain a record of the amount of time he worked for each corporation, he believed that on the average he worked two days a week at the Illinois shop and the remainder of his work week at the Indiana shop. He drew a salary of $200 per week from the Indiana corporation but received no salary from the Illinois corporation and was not on its payroll. The appellant did, however, receive $900 a month from the Illinois corporation as rent for the land and building used by the corporation in Chicago, which property was owned by the appellant individually and not by the corporation. This monthly payment of $900 was in the same amount as the appellant's monthly mortgage obligation on the property.

Each shop offered the same service for bumpers. Frequently, bumpers would be sent from the Gary shop to the Chicago one for straightening, since the Chicago staff was larger. They would then be returned to Indiana for plating. On these occasions the bumpers were transported to Chicago and returned to Indiana by trucks belonging to each corporation. However, when "rush jobs" required, the bumpers would be taken to Chicago for straightening and then returned at once to Gary. At these times the bumpers would be transported to and from Chicago in a station wagon owned by the Indiana corporation and registered in the State of Indiana.

When automobile bumpers were sent to Chicago for this servicing, the Illinois corporation would bill the Indiana corporation five dollars for each bumper handled. This charge was considered an income item by the Illinois cor-

poration and an expense item by the Indiana corporation. The Indiana corporation would bill its customers for these serviced bumpers and the profits went exclusively to the Indiana corporation.

The appellant on November 7, 1963, using a vehicle of the Indiana corporation, hauled 15 to 20 automobile bumpers from Gary to Chicago for straightening. These bumpers, which belonged to Indiana customers, represented a "rush job." The appellant arrived at the Illinois corporation at about noon and did not perform any work on the bumpers which were being serviced. However, it appears that when a couple of lathes broke down, he repaired them, remaining at the Chicago shop until 1:00 or 2:00 A.M. to complete this work. He then left Chicago with the bumpers to return them to Gary so that they might be plated at the Gary shop later that day. While returning, he was involved in a collision on the Indiana Tollway near Gary, Indiana, and was severely injured.

The appellant contends that the foregoing establishes that he was an employee of Bumper Platers, Inc., and that his accidental injuries occurred in the course of that employment. The contrary finding of the Industrial Commission, he argues, is clearly contrary to the manifest weight of the evidence. Alternatively, the appellant argues that he was jointly employed by Bumper Platers, Inc., and Calumet Custom Chrome Platers, Inc., at the time of the accident and that Bumper Platers, Inc., is liable under the Illinois Workmen's Compensation Act as one of the joint employers.

The appellee responds that the evidence is clear that the appellant did not receive any injuries arising out of and in the course of his employment by Bumper Platers, Inc. Too, it argues that a joint employment relationship was never claimed before the arbitrator, the Industrial Commission or the circuit court but is raised for the first time on this appeal and such argument should not now be entertained.

However, the appellee continues, even if such argument is considered by this court, the evidence demonstrates that at the time of appellant's accident he was not in the joint employ of both corporations but was only acting in the employ of Calumet Chrome, Inc. of Indiana.

The burden of proof under the Workmen's Compensation Act was upon the appellant, as the claimant, to prove all of the elements of his right to compensation. (*City of Chicago* v. *Industrial Com.*, 41 Ill.2d 143; *Revere Paint & Varnish Corp.* v. *Industrial Com.*, 41 Ill.2d 59, 63; and *Wilhelm* v. *Industrial Com.*, 399 Ill. 80, 88.) Proof that the relationship of employer and employee existed at the time of the accident is one of the elements of an award under the Workmen's Compensation Act. (*Wilhelm* v. *Industrial Com.*, 399 Ill. 80, 89.) Whether the appellant was acting in the capacity of an employee of Bumper Platers, Inc., at the time of his injury was a question of fact to be decided by the Industrial Commission. (*Peoria Oasis, Inc.* v. *Industrial Com.*, 35 Ill.2d 472, 473; *Crepps* v. *Industrial Com.*, 402 Ill. 606, 608; *Wilhelm* v. *Industrial Com.*, 399 Ill. 80. 89.) It has been the consistent holding of this court that the Commission's factual determinations will not be disturbed unless they are clearly contrary to the manifest weight of the evidence. (*Proctor Community Hospital* v. *Industrial Com.*, Docket No. 41203; *Northwestern Steel & Wire* v. *Industrial Com.*, 38 Ill.2d 441, 446; *Lewis* v. *Industrial Com.*, 38 Ill.2d 461, 465; *Crepps* v. *Industrial Com.*, 402 Ill. 606, 609.) An examination of the record certainly does not disclose this and, as has been stated, unless we make such a finding we will not reverse.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*