(No. 41724.─▓▓▓▓▓▓▓▓▓▓▓▓▓)

RALPH E. KETCHUM, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*─(Nugents-American Contractors, Inc., Appellant.)

*Opinion filed September 26, 1969.*

HACKBERT, ROOKS, PITTS, FULLAGAR & POUST, of Chicago, (DOUGLAS F. STEVENSON and STEPHEN E. SWARD, of counsel,) for appellant.

SOSTRIN AND SOSTRIN, of Chicago, for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

This appeal is from an order of the circuit court of Cook County which reversed a decision of the Industrial Commission holding that the petitioner, Ralph E. Ketchum, did not incur any permanent disability by reason of an injury which he sustained on March 11, 1965.

The circuit court reversed the Commission on the ground that its judgment was against the manifest weight of the evidence. The court awarded Ketchum the sum of $50 per week for a period of 30 weeks pursuant to section 8-e of the Workmen's Compensation Act on the basis that he suffered a 7½ percent permanent loss of the use of both of his legs. In addition Ketchum was awarded the sum of $50 per week

for a period of six weeks, that being the period of temporary total incapacity to work, for which compensation is payable.

On the date in question Ketchum was employed by the appellant, Nugents-American Contractors, Inc. He had been loaned to Wieboldt's Department Store to work as a freight handler, transporting freight on a dolly from the various floors in the store to a loading platform on the street level. He testified that merchandise he was hauling on a dolly was stacked about five feet high and weighed about 500 pounds. The action of the elevator caused the merchandise to slip from the dolly and fall back, striking him in the face and knocking him against the wall to the floor. He immediately felt pain in his back and around the waist line. His mouth was numb and bleeding. The following day he felt pain in his back, hips and legs.

Ketchum continued to work at Wieboldt's for approximately two weeks after the accident. On June 11, 1965, he consulted Dr. Walter J. Barth. Dr. Barth's report, admitted in evidence before the arbitrator, indicated trauma, strain and sprain of the lumbar region of the spine, and clinical evidence of injury to the supporting structures. It was the doctor's opinion that Ketchum has sustained a functional loss of both of his legs.

The evidence submitted by the appellant was the testimony of Henry Fraser, a fellow employee of Ketchum who testified that he had worked with Ketchum and that on the afternoon of March 11, 1965, a hat box blew from the top of a stack of freight, striking Ketchum, and causing him to lose his glasses. He testified that nothing else had struck Ketchum and that he had not been knocked down. On rebuttal, Ketchum testified that this incident had occurred three or four days prior to the accident on March 11, 1965. Fraser had stated that he did not recall the exact date, but believed it was approximately March 11, 1965. Fraser's testimony was that he continued after the incident to work with the claimant for at least a week and that the claimant

made no comment on his physical condition during this period.

The Industrial Commission found that Ketchum had not sustained any disability as a result of the accident. It is primarily the province of the Commission to determine questions of fact, including ones relating to the nature and extent of disability. A reviewing court's function is limited to determining whether the Commission's findings are opposed to the manifest weight of the evidence. *Owens-Illinois Glass Co. v. Industrial Com.*, 39 Ill.2d 312.

We judge that the circuit court erred in reversing the decision of the Commission and awarding the claimant compensation for temporary total disability and for $7\frac{1}{2}\%$ permanent loss of use of both his legs. The finding that no disability had been sustained was not against the manifest weight of the evidence. The parties had stipulated that were the examining physician to testify he would testify, as his report in esssence stated, that the claimant had "sustained a functional loss" of both legs. The report was the only medical evidence in the record. The Commission had the opportunity to hear and observe the witnesses, including the claimant, and assess their credibility. The circuit court's reversal of the Commission's finding was on this record an intrusion on the Commission's province of determining the facts. The judgment is reversed.

*Judgment reversed.*