(Nos. 42481, 42482.—

PARRO CONSTRUCTION CORPORATION, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HELEN D. PARRO *et al.*, Appellees.)

*Opinion filed May 20, 1970.*

KANE, DOY & HARRINGTON, of Chicago, (ARTHUR O. KANE, of counsel,) for appellant.

KLOHR, BRAUN, LYNCH & SMITH, of Chicago, (MARK A. BRAUN, of counsel,) for appellees.

Mr. JUSTICE WARD delivered the opinion of the court:

Helen D. Parro, the widow of Dale Parro, and Betty Smith, the widow of George A. Smith brought separate claims under the Workmen's Compensation Act against the Parro Construction Corporation, Hi-Way Haulers, Inc. and Urban Sand and Gravel Company for the deaths of their husbands. After hearings the arbitrator made awards in favor of each of the claimants against the Parro Construction Corporation but found Hi-Way Haulers, Inc. and Urban Sand and Gravel Company were not liable. The Industrial Commission affirmed and on writ of *certiorari* the circuit court of Champaign County confirmed the action of the Industrial Commission. The Parro Construction Cor-

poration has appealed from both of the awards to this court. As the issues in each case are related and the facts giving rise to the claim for compensation in each case are identical, the causes have been consolidated for opinion.

At the time of the accident which caused the deaths of Dale Parro and George Smith, Parro was the president and sole stockholder of Parro Construction Corporation, the principal stockholder of Hi-Way Haulers, Inc., and Urban Sand and Gravel Company. Smith was the general superintendent of Parro Construction Corporation and the vice-president of Hi-Way Haulers, Inc. He also owned 15% of the stock of Hi-Way Haulers, Inc., Parro owned 70%, and Russell Law, the office manager of Parro Construction Corporation, owned the remaining 15% interest. There is no evidence to indicate that Smith owned any interest in Urban Sand and Gravel Company or that he held any position in that company.

Dale Parro had become interested in purchasing a slip form paver, used in road paving, and a belt placer, which is a concrete unloading device. These items were manufactured at a factory in Madison, Indiana.

On the morning of April 5, 1966, Dale Parro arrived at the offices of the Parro Construction Corporation in Urbana, Illinois, and asked Smith by radio to meet him at the airport, advising that they would fly to Madison, Indiana. At the time of the call Smith was supervising work at a Parro construction job site in Champaign, Illinois. They met at the airport and rented a plane which Parro piloted to Madison. There they examined slip form pavers and belt placers. As they took off to return to Urbana the plane crashed and Parro and Smith were killed.

Dale Parro drew a salary of $230 a week from the Parro Construction Corporation and he was entitled at the end of each year to participate in the company's profits. He drew $13,000 from the Urban Sand and Gravel Company in January, 1966, as a salary for 1965, and received $7,500

as a salary in January, 1966, for 1965 from Hi-Way Haulers, Inc. Smith was paid a salary of $235 per week by the Parro Construction Corporation for his services as general superintendent. He also received $3,500 from Hi-Way Haulers, Inc. in December of 1965 as a "salary" for 1965. Smith had not received any compensation from Hi-Way Haulers, Inc. for 1966 at the time of his death, nor was any payment made thereafter, except for the purchase of his stock by the company.

The operations of Parro Construction, Urban Sand and Gravel and Hi-Way Haulers were closely related and Parro Construction Corporation was the major customer of the other corporations. However, each company did have a number of its own customers who were not served by the other two companies. Each corporation apparently had its own payroll, maintained a separate set of books and records and had an independent workmen's compensation program. Parro Corporation was approved as a self-insurer. Urban Sand and Gravel Company and Hi-Way Haulers, Inc., had insurance coverage against workmen's compensation liability. The self-insured company, Parro Construction, carried insurance coverage only for its liability in excess of its self-coverage limits. A premium based on Dale Parro's salary was paid by the corporation for this coverage.

While Parro Construction Corporation and Hi-Way Haulers had offices at the same location, their equipment was separately housed and maintained. Urban Sand and Gravel Company's office was separate from the other two companies, as was its equipment location. From the evidence presented to the arbitrator it appeared that the slip-form paver and belt placer, which the decedents had inspected at the factory in Indiana, would be of interest primarily, if not exclusively, to a paving company such as Parro Construction Corporation. On the basis of the above evidence the arbitrator entered an award finding that Dale Parro and George Smith were employees of the Parro Construction

Corporation at the time of their deaths and not employees of Urban Sand and Gravel and Hi-Way Haulers, Inc.

On this appeal the respondent, Parro Construction Corporation, contends that the award of compensation for the death of Dale Parro should be set aside because, as the president and sole stockholder of the Parro Construction Corporation on a trip to inspect equipment for possible purchase by the company, he was acting in an executive capacity and not that of an employee at the time of his death. Alternatively, it is argued that if he were serving as an employee at the time of his death, he was an employee of the three corporations and not solely of Parro Construction Corporation and this because the equipment considered would have been of benefit to the three companies in each of which he had a substantial proprietary interest.

Parro Construction Corporation urges, too, that the award of compensation for the death of Smith was also error because the award should not have been against Parro Construction Corporation alone. It acknowledges that Smith was an employee of it at the time of his death, that he was not an employee of Urban Sand and Gravel Company, and that he was acting within the scope of his employment at the time of the accident. However, Smith was a joint employee of both Parro Construction Corporation and Hi-Way Haulers, Inc., at the time of the accident, it argues, and consequently the award should have been against both companies as employers.

We must reject the contention that we should upset the finding that Dale Parro was an employee of the Parro Construction Company at the time of his death. It is primarily the function of the Industrial Commission to make findings of fact, drawing, where necessary, reasonable inferences and conclusions from the evidence. This court will not disturb findings made by the Commission unless they are against the manifest weight of the evidence. (*E.g., Pope* v. *Industrial Com., ante,* at p. 48.) We cannot say

that the finding that Parro was an employee of the corporation was manifestly contrary to the evidence. Parenthetically, there is no claim that Dale Parro, on the assumption he was to be regarded as an employee, was not acting within the scope of his employment at the time of his death.

The definition of an employee under our Workmen's Compensation Act is: "2. Every person in the service of another under any contract of hire, express or implied, oral or written, including persons whose employment is outside of the State of Illinois where the contract of hire is made within the State of Illinois, and including aliens, and minors who, for the purpose of this Act shall be considered the same and have the same power to contract, receive payments and give quittances therefor, as adult employees, but not including any person who is not engaged in the usual course of the trade, business, profession or occupation of his employer unless he is so engaged at the lawful direction or instruction of his employer." Ill. Rev. Stat. 1969, ch. 48, par. 138.1(b).

In *B.W. Sales Co.* v. *Industrial Com.*, 35 Ill.2d 418, we held that under this definition a sole stockholder of a corporation, of which he was president, treasurer and director, could qualify as an employee. We declared in *Meca Magnetics, Inc.* v. *Industrial Com.*, 40 Ill.2d 103, 104: "The question of whether a claimant is performing the duties of an executive or those of an ordinary employee can be difficult because elements of both capacities may, as here, be present. This is similar to the issue of whether a claimant is an employee or an independent contractor where elements of both relationships are present. We have held in such a case that where the undisputed facts permit a reasonable inference either way, then the Commission alone is empowered to draw the inference and its decision as to the weight of evidence will not be disturbed on review. (*Greenberg* v. *Industrial Com.*, 23 Ill.2d 106.) His capacity as executive or employee is a question of fact rather than a

question of law, and since it is not contrary to the manifest weight of the evidence we cannot intervene."

The evidence here, together with the inferences that might have been drawn from it, clearly permitted a finding by the Commission that Dale Parro was acting as an employee, according to the statutory definition and our decisions, at the time of his death. (*Cf. Fruit Boat Market* v. *Industrial Com., et al.,* 264 Wis. 394, 58 N.W.2d 689; *Hirsch* v. *Hirsch Bros.,* 97 N.H. 480, 92 A.2d 402.) Therefore, there is no basis for this court to interfere with that determination. See *Pope* v. *Industrial Com., ante,* at p. 48, and *Associated Vendors, Inc.* v. *Industrial Com., ante,* at p. 203.

Whether Parro and Smith were in the sole employ of the Parro Construction Corporation at the time of their deaths or in the joint employ of Parro Construction and one or both of the other corporations was also a question of fact. (See *Beletz* v. *Industrial Com.,* 42 Ill.2d 188.) Again, this court will not interfere unless the findings by the Commission are against the manifest weight of the evidence. (See *Pope* v. *Industrial Com., ante,* at p. 48; *Associated Vendors, Inc.* v. *Industrial Com., ante,* at p. 203; *Ketchum* v. *Industrial Com.,* 43 Ill.2d 166; *Owens-Illinois Glass Co.* v. *Industrial Com.,* 39 Ill.2d 312.) We will not upset permissible inferences drawn by the Commission because other inferences could have been drawn from the facts. (See *Clifford-Jacobs Forging Co.* v. *Industrial Com.,* 19 Ill.2d 236, 245.) The record does not show that the Commission's finding that Parro and Smith were the employees of the Parro Construction Corporation alone at the time of their deaths was contrary to the manifest weight of the evidence.

The judgments of the circuit court of Champaign County, for the reasons given, are affirmed.

*Judgments affirmed.*