(No. 42758.—

Dean M. Eyzen, Appellant, *vs.* Industrial Commission *et al.*—(Sudler & Company Real Estate, Appellee.)

*Opinion filed Sept. 29, 1970.—Rehearing denied Dec. 3, 1970.*

Dean M. Eyzen, *pro se.*

Klohr, Braun, Lynch & Smith, (Mark A. Braun, of counsel,) for appellee.

Per Curiam : The appellant, Dean M. Eyzen, on June 23, 1967, filed an application for adjustment of claim, under the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.1 *et seq.*) against the appellee, Sudler & Company Real Estate Co., alleging that he had been injured in his employment on March 5, 1967. The arbitrator found that the appellant had failed to prove that "he had sustained accidental injuries arising out of and in the course of his employment by said respondent on the 5th day of March, 1967." The claim for compensation was denied. The Industrial Commission affirmed the decision of the arbitrator and on writ of *certiorari* the circuit court of Cook County affirmed the action of the Industrial Commission. The appellant, pursuant to our Rule 302(a) (43 Ill.2d R. 302(a)), now appeals to this court.

Here, the appellant, appearing *pro se,* as he did in the earlier proceedings, argues, in effect, that the finding of the arbitrator was contrary to the manifest weight of the evidence, that there was a conspiracy to defraud him in the Industrial Commission proceedings, that his constitutional rights were violated because the transcript of the proceedings before the arbitrator was improperly altered and that he was not afforded an opportunity in the circuit court to present evidence that the transcript had been altered.

The record indicates that on November 27, 1967, Eyzen appeared before the arbitrator and requested a continuance in order to obtain counsel. The matter was continued by the arbitrator to March 4, 1968. On March 4, 1968. Eyzen

again appeared and indicated that he had decided to proceed without counsel. At the hearing he testified that on March 5, 1967, while working as a doorman and relief elevator operator in a building managed by the appellee, he carried luggage to the apartment of a tenant. When doing so he experienced pain in his back. About an hour later he testified he felt a snap in the middle of his spine as he was carrying other extremely heavy luggage to another tenant's apartment. He did not tell anyone of his injury, he said, because he feared he would lose his job. The record is not clear regarding the sequence of these events, but it does appear that he informed his supervisor of his injury on March 8, 1967, and that he was also dismissed from his employment on March 8, 1967.

On March 11, 1967, the appellant consulted Dr. Samuel D. Wilkens. Dr. Wilkens had x-rays taken of the appellant, and on the basis of these diagnosed his condition as a cervical spondylosis aggravated by a strain of the area. He advised him to wear a cervical collar and prescribed muscular relaxants and exercise therapy. On March 31 when the appellant returned to Dr. Wilkens he complained of pain at the base of the neck. The physician recommended therapy at Michael Reese Hospital and the appellant apparently received such treatments on April 6, 11, 14, 18, 21, 28 and July 13, 1967. He returned for visits to Dr. Wilkens on April 17, April 20, May 8, June 1, June 14, July 19 and November 20, 1967. In his testimony Dr. Wilkens stated that he noted improvement in the appellant's condition following therapy treatments. He testified that sometime after June of 1967 he advised appellant that he believed he should return to work. It was his opinion that the appellant had partially responded to treatment, although he believed there would be some permanency to his condition.

On cross-examination the doctor stated that the cervical spondylosis condition he found was a condition that had probably existed for some years prior to his seeing the ap-

pellant. He also said that this type of condition was subject to periodic periods of exacerbation and that he believed that the appellant had experienced discomfort prior to the incident we consider here. The witness said that spondylosis was a condition which developed over a period of time through repeated stresses and strains, and he was of the opinion that the appellant had developed the condition before he had come to the witness for examination.

The burden of proof under the Workmen's Compensation Act was upon the appellant, as the claimant, to prove all the elements of right to compensation. (*Beletz* v. *Industrial Com.*, 42 Ill.2d 188; *City of Chicago* v. *Industrial Com.*, 41 Ill.2d 143; *Revere Paint & Varnish Corp.* v. *Industrial Com.*, 41 Ill.2d 59.) Here the arbitrator found that the appellant had failed to prove that he sustained accidental injuries arising out of and in the course of his employment with the appellee. Of course, the question whether the appellant had received accidental injuries arising out of and in the course of his employment was a question of fact to be decided by the Industrial Commission. (See *Ketchum* v. *Industrial Com.*, 43 Ill.2d 166; *W.K.I.D. Broadcasting* v. *Industrial Com.*, 42 Ill.2d 236; *Brewster Motor Co.* v. *Industrial Com.*, 36 Ill.2d 443.) It has been the consistent holding of this court that the Commission's factual determination will not be disturbed unless they are clearly contrary to the manifest weight of the evidence. (*Proctor Community Hospital* v. *Industrial Com.*, 41 Ill.2d 537; *Northwestern Steel & Wire* v. *Industrial Com.*, 38 Ill.2d 441.) We cannot say from the record here that the finding of the arbitrator, which was confirmed by the Commission, was contrary to the manifest weight of the evidence.

Also the record does not reveal any evidence to support the charge of the appellant that there was any conspiracy to defraud nor is there any evidence that the transcript was altered or that it was erroneous in any significant way. The appellant was given full opportunity to assert his rights

throughout the proceedings and to present evidence. When he complained to the arbitrator that his rights were being violated, the arbitrator offered to suspend the proceedings and allow the Commission to review what had taken place to determine if any such violation had occurred. The appellant refused this offer and agreed to proceed. Further, the record discloses that on several occasions the circuit court entertained argument by the appellant and there is nothing to support his claim that he was denied an opportunity to show that the transcript had been altered to his prejudice.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*