(No. 43500.— )
J. I. Case Company, Appellee, *vs.* The Industrial Commission *et al.*—(Bertha Chandler, Appellant).

*Opinion filed May 27, 1971.*

Tuite, Morrissey, Gesmer & Finnegan, of Rockford, (Jason Gesmer and Gerald Tuite, of counsel,) for appellant.

Welsh, Welsh, Holmstrom & Hyzer, of Rockford, (John Holmstrom, Jr., and Peter Alexander, of counsel,) for appellee.

Mr. Justice Ward delivered the opinion of the court:

This is a direct appeal from a judgment of the circuit court of Winnebago County which reversed a decision of the Industrial Commission awarding compensation to the claimant, Bertha Chandler. (Ill. Rev. Stat. 1969, ch. 110A, par. 302(a).) The only question is whether the Industrial Commission's award of benefits for a 20% permanent loss of use of the claimant's left arm because of an injury on

May 2, 1967, was contrary to the manifest weight of the evidence.

The background to this appeal is unusual. The claimant filed three applications for adjustment of claim because of three accidental injuries during employment, which were claimed to have been sustained on May 2, 1967, January 19, 1968, and April 3, 1968. Each injury was alleged to have caused or have been a contributing cause to the claimed disability. The cases were consolidated for hearing and after evidence was presented on all three claims the arbitrator found that no permanent disability resulted from either the May 2, 1967, or January 19, 1968, injuries. He did make an award to cover only the temporary total incapacity from work and the necessary medical expenses for the injuries sustained on these dates. However, the arbitrator found that the claimant had suffered a 25% permanent loss of use of the left arm through the April 3, 1968, injury. On review the Industrial Commission determined that the extent of permanent loss of use of the left arm was 20% and that it had been caused by the May 2, 1967, injury rather than the April 3, 1968, injury. It found no permanent disability from the April 3 accident. The Commission affirmed the arbitrator's decision that no permanent disability had resulted from the January 19, 1968, injury. A *writ* of *certiorari* was sought by the respondent-employer, J. I. Case Company, as to the Commission's decision on the May 2, 1967, injury and, therefore, that is the only case concerned in this appeal.

On May 2, 1967, the claimant's employment involved the operation of a machine which required her to pull down a "pump-handle type lever." She used her left arm and hand in this operation. While operating the machine on the evening of that date the claimant experienced a sharp pain in the area of the left arm, shoulder and rib cage. She reported the incident to her foreman, who refused her permission to report to the company first aid station. She testified that because of the pain she was unable to work the re-

mainder of that evening but she did remain in the shop until the end of her shift. When she reported for work the following day she asked a different foreman if she could report to the first aid station and again she was refused permission. The claimant did not report for work the remaining two days of that week. On the following Monday, May 8, 1967, the claimant testified, she informed a company nurse, Bernice Wirtanen, of her injury. The nurse told her, she said, that she had pulled muscles in the area of the left rib cage. Heat treatments were administered by the nurse for several days, after which claimant was instructed to continue the treatments at home. The pain to the left arm, shoulder and rib cage continued until November 9, 1967, when she consulted with another company nurse, Betty Burt. During this period the claimant never resumed her work as a machine operator, but was kept employed at odd jobs in the plant.

When the claimant on November 9, 1967, again complained of her painful arm and shoulder to the nurse, Betty Burt, she was directed to Dr. E. T. Leonard, a company physician, who without examining her referred her to her personal physician. At the direction of her personal physician she consulted with a surgeon on November 20, 1967, concerning a lipoma, or tumor, which had developed on her left rib cage subsequent to the May 2 accident. She was hospitalized and the lipoma was removed. Because of the surgery the claimant was unable to return to work until December 10, 1967. At the hearing there was medical testimony for the claimant that the development of the lipoma might have been related to the trauma of May 2.

Upon returning to work she was assigned to light duties but about four or five days prior to her January 19, 1968, accident she was returned to normal duties. During this period of light duty the pain to her left arm, shoulder and rib cage persisted in varying degrees of severity depending on the difficulty of her work. On January 19, 1968, the

claimant was operating a machine which pressed rims into tires. It was necessary for the claimant to pound the rims firmly into the tires with the use of a ten-pound sledge hammer which she held in her left hand. While doing this the pain in the claimant's left rib cage, shoulder and arm became severe and forced her to discontinue her work. She testified that she went to the first aid room at about 11:00 P.M. but found it closed. The next day the claimant was admitted to the hospital by her own physician. She was confined for five days and was unable to return to work until March 6, 1968. Heat treatments and medication for the left arm and shoulder condition were administered at home during this period.

Upon returning to work the claimant was assigned to light duty. On April 3, 1968, she claimed, she again injured her left arm, rib cage and shoulder when she attempted to hang a part, previously assembled by her, on an overhead trolley. She reported to Nurse Burt, who administered oxygen to the claimant, and then had her driven to the hospital in a company car. There the claimant was given medication and released later in the day with directions to continue the medication and take heat treatments. A physician also ordered her to rest and to avoid any strenuous work. The claimant remained at home until April 22, 1968, when she was notified by the respondent that her employment had been terminated. She was unable to obtain employment until the following August when she secured a job with another company. This employment, which consisted of packing light articles, ended in November, 1968. The pain in the area of the left arm is still present and becomes severe when she attempts to raise her left arm. She testified that her work is limited to light housework, which she performs with difficulty.

The only medical witness at the hearing was Dr. Samuel Rubert, who appeared for the claimant. He had examined her on November 13, 1968, after the three injuries were

alleged to have been sustained. He testified that he found strain, adhesive bursitis and tenosynovitis in the area of the left shoulder. He reported that shoulder abduction was 180 degrees on the right and 100 degrees on the left. He said that spasm and contraction on palpation, pressure and motion were observed in the subacromial bursa area of the left arm and shoulder. External turning of the left arm, inward and outward, was restricted. Decreased sensory reaction appeared in the left upper extremity and over the left ribs. Dr. Rubert also observed poor muscle tone and changes due to atrophy in the left arm when compared with the right. X-rays admitted into evidence revealed demineralization changes or atrophy through disuse, or bursitis changes of the tuberosity of the humerus in the left shoulder. The doctor stated that these conditions could have been caused by trauma.

Responding to a hypothetical question based on the claimant's testimony and his regarding his own findings, Dr. Rubert stated that in his opinion there was a causal relationship between the claimant's physical condition and the injury sustained on May 2, 1967. It was also the physician's opinion that the condition was permanent.

The respondent offered only two witnesses, Bernice Wirtanen and Betty Burt, the nurses. Their testimony, considered together, did not differ substantially from that of the claimant. A variance was that their testimony was that at 11:00 P.M. on the evening of January 19, 1968, the first aid station was not closed. Too, although Bernice Wirtanen denied having a conversation with the claimant on May 8, 1967, first aid station records shows that the claimant reported the May 2, 1967, injury on that date.

Considering the evidence as a whole, we judge that the circuit court erred in reversing the decision of the Industrial Commission. We consider that our expression in *Homemakers' Library League Corp.* v. *Industrial Com.*, 42 Ill.2d 109, 114, should be applied here. There it was said: "It was

error for the circuit court to substitute its opinion for that of the Commission on the questions of the credibility of the witnesses, the weight and preponderance of the evidence, and the reasonable inferences which could be drawn therefrom. [Citations.] As we stated in *Clifford-Jacobs Forging Co. v. Industrial Com.,* 19 Ill.2d 236, page 245, 'This court will not weigh conflicting evidence and substitute its judgment for that of the commission. Our function is to determine whether the finding of the commission is clearly against the manifest weight of the evidence. This court will not discard permissible inferences drawn by the commission merely because it might have drawn other inferences from the facts.' " Too, it is appropriate to observe that it is primarily the function of the Industrial Commission to determine the nature and extent of a claimed disability. (*Ketchum v. Industrial Com.,* 43 Ill.2d 166, 168; *Keystone Steel & Wire Co. v. Industrial Com.,* 42 Ill.2d 273, 276.) Applying this and considering the record, we cannot say that the decision of the Commission was contrary to the manifest weight of the evidence. See *Avis Hotel v. Industrial Com.,* 41 Ill.2d 54.

Accordingly, the judgment of the circuit court of Winnebago County is reversed and the decision of the Industrial Commission is reinstated.

*Judgment reversed; award reinstated.*