(No. 33578.—

Corn Products Refining Co., Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Charles Vaughn, Defendant in Error.)

*Opinion filed September 23, 1955.*

CASSIDY, SLOAN & CASSIDY, of Peoria, for plaintiff in error.

HENRY KNELLER, of Peoria, and LOUIS P. DUNKEL-BERG, of Pekin, for defendant in error.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Charles Vaughn filed a claim under the Workmen's Compensation Act for an alleged accidental injury suffered while in the employ of the Corn Products Refining Company. On hearing before the commission he was awarded $22.50 a week for 60⁴⁄₇ weeks, for temporary total incapacity for work, and an additional sum of $1668.76, representing the amount incurred by him for first aid, medical, surgical and hospital services. On *certiorari* the circuit court of Tazewell County found Vaughn was entitled to $22.50 per week for 72 weeks, and to $1668.76 for first aid, medical, surgical and hospital bills. It further found the company had paid to Vaughn the sum of $2880, which it was entitled to have credited as payment on the award, leaving him a net balance of $408.76. Judgment was entered accordingly, and we have allowed the company's petition for writ of error to review it. In their brief Vaughn and the commission have assigned as cross error the allowance of the credit item by the circuit court.

The principal issue is whether the evidence is sufficient to support the findings and award of the commission. Plaintiff in error insists the findings that Vaughn sustained an accidental injury, that he gave notice of the alleged accident, and that he made claim for compensation within six months are each against the manifest weight of the evidence.

The defendant in error, Vaughn, testified that on November 16, 1949, at about 9:15 A.M. he was on a ladder attempting to open a valve with a large wrench when the wrench slipped and he fell backwards off the ladder, striking the floor and injuring his back; that his foreman, Gilbert Kirgan, and a fellow worker, John Harris, since deceased, were present and assisting him in the job at the time; that Kirgan told him to go to first aid; that as he went toward the first aid station he met J. E. Wolfer, Jr., the divisional superintendent of the plant, who walked to the station with him; that when he found there was no one at the first aid station, he told Wolfer he would go to his own doctor; and that Wolfer consented.

The foreman, Kirgan, denied that he was present at any time when Vaughn fell off a ladder, and denied making the statement attributed to him by defendant in error. Wolfer, the superintendent, also testified, denying the conversation to which defendant in error testified, and stating that he did not recall seeing him at all on the day in question. The testimony of defendant in error further discloses that his son obtained from the company's personnel office a printed form of application for accident and sickness insurance benefits; that Vaughn took it to his doctor, who filled it out; that Vaughn then signed it and returned it to the plant, where he gave it to Eileen Bingham, an employee in the personnel office; that she told him there was a place on it which he could change and get $40 per week; that he "guessed" she did change it; and that about five or six days later he began receiving $40 per week,

The form contained the following: "Nature of disability: Pain in left leg and back. * * * If disability is caused by accident, state when, where and how it occurred. I don't know what caused it, but not an accident here at the plant."

Miss Bingham, who was no longer employed by the company at the time of the hearing, testified that it was her duty to write words on the form only if asked to do so by the employee, that she did not remember who brought in this particular paper, but that no part of it was in her handwriting. It also appears from the record that in addition to this application Vaughn signed two others on each of which the answer "No" appeared to the question "If disability is caused by accident, state when, where and how it occurred."

On further examination Vaughn testified he was unable to read; but when it was called to his attention that he had identified several written exhibits at the first hearing before the arbitrator, he admitted he could read certain words and names, although he persisted in stating that he could not read the statements on the application quoted above. After Vaughn had given this testimony, his superintendent, Wolfer, testified that it was part of Vaughn's job as pan tester to fill out reports of his tests; that one of the qualifications for the job was an ability to make out reports and to read; and that in the course of his work Vaughn wrote an average of about 150 words a day.

Vaughn's physician, on cross-examination, admitted that he had no recollection of Vaughn ever giving him a history of having fallen from a ladder, and that his records contained no such history.

It is evident from an examination of this record that the findings of the commission are against the manifest weight of the evidence and cannot stand. It is well settled that a claimant under the Workmen's Compensation Act must prove by direct and positive evidence, or by evidence

from which the inference can be fairly and reasonably drawn, that the accidental injury arose out of and in the course of his employment. (*Le Tourneau, Inc.* v. *Industrial Com.* 396 Ill. 435.) The burden is upon the applicant to establish by a preponderance of competent evidence all of the essential elements of his right to compensation; (*Harding Co.* v. *Industrial Com.* 355 Ill. 139;) and even though there is evidence in the record which, if undisputed, would sustain a finding for the applicant, such evidence is not sufficient if, upon consideration of all the testimony and circumstances shown in the record, it appears that the manifest weight of the evidence is against such finding. (*Western Cartridge Co.* v. *Industrial Com.* 383 Ill. 231; *Mirific Products Co.* v. *Industrial Com.* 356 Ill. 645; *Camp Spring Mill Co.* v. *Industrial Com.* 302 Ill. 136.) While it is primarily within the province of the commission to determine issues of fact, it is nevertheless the duty of the court to weigh and consider the evidence in the record, and if it is found that the decision of the commission is without substantial foundation in the evidence it must be set aside. *Conreaux* v. *Industrial Com.* 354 Ill. 456.

In the case at bar no one other than the defendant in error testified to his having sustained the accidental injury upon which his claim is based. He is not corroborated in this respect by any other witness, although such an occurrence in an industrial plant at 9:15 A.M. would normally attract the attention of other workers. His testimony is directly disputed by the foreman, the superintendent, and the clerk in the personnel office; and is inconsistent with the statements in his signed applications for accident and sickness insurance benefits and with his acceptance of the insurance payments.

Moreover, there is no proof whatever that a claim or demand for compensation was made within six months after the accident, as required by section 24 of the act.

(Ill. Rev. Stat. 1949, chap. 48, par. 161.) Defendant in error argues that Eileen Bingham's statement, made when he applied for accident and sickness insurance benefits, that he would get $40 per week, "constituted a waiver of any further or different demand for compensation." No authority is cited to sustain such a position, nor have we found any. It is apparent that the statement relied upon had no reference to workmen's compensation, and cannot be construed as waiving the requirement that a claim be made. The application itself recites that the disability was not caused by any accident at the plant and that its cause was unknown. And in his brief defendant in error, to support his position that the company's insurance payments should not have been deducted from the award, expressly acknowledges that "the payments made by plaintiff in error to Vaughn for a period of 72 weeks amounting to $2880.00, had no connection with payments under the Workmen's Compensation Act but were payments made from an 'accident and sickness' fund which was unrelated to compensation and were made under circumstances where liability under the Compensation Law was definitely and positively denied on the grounds that Vaughn did not sustain an accidental injury and gave no notice and made no demand for compensation." It is clear that the payments themselves, as well as the statement that they would be made, are inconsistent with any acknowledgment that the Workmen's Compensation Act applied, and cannot amount to a waiver of claim for compensation. The making of such claim is jurisdictional and a condition precedent to the right to maintain a proceeding under the Workmen's Compensation Act. The issue whether a claim has been made is one of fact, to be determined by a preponderance of the evidence, like any other similar question. (*City of Rochelle* v. *Industrial Com.* 332 Ill. 386.) There is no evidence in the present record that a claim for compensation was made within the period prescribed by the act, and the Industrial Commission

was therefore without jurisdiction to make an award of compensation.

Plaintiff in error has filed a motion in this court to strike the assignment of cross error on the grounds that the portion of the judgment allowing credit on the award for payment of insurance benefits has not been brought up for review, and that there is no authority in law for a defendant in error to file assignments of cross error. Objections were filed to the motion and they were taken with the case. In view of our conclusion that the award itself cannot be sustained, it becomes unnecessary to decide the question presented by the motion.

For the reasons stated, the judgment of the circuit court is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed and award set aside.*