(No. 35795.—

FISHER BODY DIVISION, GENERAL MOTORS CORPORATION, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HUGH J. RONEY, Defendant in Error.)

*Opinion filed October 31, 1960.*

Bristow, J., dissenting.

Pope, Ballard, Uriell, Kennedy, Shepard & Fowle, of Chicago, (Lewis J. West, and Thomas D. Nyhan, of counsel,) for plaintiff in error.

Norman J. Peters, of Chicago, (Sidney Z. Karasik, and George W. Angerstein, both of Chicago, of counsel,) for defendant in error.

Mr. Justice Klingbiel delivered the opinion of the court:

Hugh J. Roney filed a claim under the Workmen's Compensation Act, alleging an injury to his left shoulder in the course of his employment by Fisher Body Division of General Motors Corporation. An award for temporary total disability, 60 per cent loss of use of the left arm, and

medical expenses was confirmed by the circuit court of Cook County. On petition by the employer we have allowed a writ of error for further review. The principal issue is whether there is sufficient credible evidence to sustain the finding of an accidental injury aggravating a pre-existing condition.

Roney was employed on the "floor pan" assembly line, attending a conveyor belt, in plaintiff in error's Willow Springs plant. The conveyor belt carried parts known as "four bars," used in bracing floor pans of automobiles, and as the parts came up by Roney he would move them over to a platform near the shuttle. He testified that sometime in September, 1956, his left glove caught on some material and he was jerked against the edge of the table over the shuttle, striking his left shoulder and left side.

He testified that a fellow employee, William F. Hall, was working on his left, close enough so that they were touching elbows. It does not appear whether Hall saw the alleged accident, nor was he called as a corroborating witness. Roney further testified that he reported the incident to a foreman, whose name he did not know. He described the foreman as being about 6 feet 2 or 3 inches tall, black headed, heavy set and weighing about 190 pounds. Roney's foreman, Clifford Wilkie, testified he was on duty all during the month of September, 1956, that he first heard of the claim for injury about a year later when he was called into the office; that Roney never mentioned anything to him about getting injured; that he was the only foreman on this conveyor line during September and October, 1956; and that there was no foreman meeting the description given by Roney. The claimant further related that between September 28 and October 10 he went to the medical department about ten or twelves times, and received heat treatments "and some kind of therapy."

The foreman, Wilkie, testified that in June, 1956, Roney had requested a change of jobs because it bothered his

shoulder to raise his arm above the conveyor. Wilkie told him he could not be promoted, since he lacked enough seniority. Thereafter once or twice each week Roney complained of his shoulder and asked to be given another job. On October 5, because of his persistent complaints, Wilkie sent him to the plant medical department.

X-ray pictures of the arm and shoulder disclosed the presence of a small calcified body in the left shoulder, and Roney was advised to consult his own doctor. On October 12 he was granted a sick leave. He went to his home in Union City, Tennessee, where he was hospitalized on three occasions for treatment and surgical removal of the calcified body. While in Tennessee he made application for and received nonindustrial surgical and hospital benefits under his employer's group Blue Cross—Blue Shield plan. To obtain these benefits he stated that the condition was not caused by his employment, and that workmen's compensation benefits were not available because it was "not a plant injury." While in Tennessee Roney made a further claim for nonindustrial benefits under a Metropolitan group sickness and accident policy. His statement of claim, completed December 12, 1956, contained the question "Do you claim that this disability was caused by your work?" Roney answered "No." In answer to the question "Do you claim that this disability was caused by an accident," a zero was inserted. The claim also contained statements by the treating physician that the disability was a "subdeltoid bursitis, sub-acute, recurrent" and that in his opinion it was not due to the claimant's occupation. On January 4, 1957, Roney again made claim for nonindustrial benefits under the group insurance plan. The application contained the following questions and answers: "Do you claim this disability was caused by your work?" Answer: "No." Question: "Do you claim this disability was caused by an accident?" The answer to this was also "No."

A total of $2,046.45 was received by Roney as insur-

ance benefits on the basis of a noncompensable disability, the last payment being received some time between April 29 and May 11, 1957. The application for adjustment of claim under the Workmen's Compensation Act, filed June 12, 1957, was based upon the same disability and alleged it was caused by a plant injury sustained on September 15, 1956. The only occurrence witness offered was Roney himself, whose testimony has been summarized above. Although the date of injury as alleged in the application was also given as the date of injury to two examining physicians, one of which was his own, Roney testified he could not remember the date. Subsequently, after it appeared that he was in Union City, Tennessee, on the date alleged, he moved to amend the date to on or about September 28, 1956.

The only other witness called on the claimant's behalf was Dr. Gerald J. Rabin, who examined him on July 2, 1958. Dr. Rabin testified that Roney had a calcification in the subdeltoid bursa of the left shoulder; that its age could be anywhere from six months to fifteen years or more; and that a trauma such as described in the hypothetical question causes an aggravation consisting of bleeding in the area and "the involvement of the nerves that go by it."

To reverse the judgment plaintiff in error contends that under the circumstances in this case the uncorroborated testimony of the claimant is insufficient to support the finding that he suffered an accident in the course of his employment. To sustain the judgment defendant in error argues that his bursitis condition was aggravated as a result of the accident to which he testified; that whether such an accidental injury did occur is a question of fact to be determined by the commission; and that this court will not substitute its judgment for that of the Industrial Commission on such questions, particularly where it has received the endorsement of the circuit court.

In applying the Workmen's Compensation Act this court is mindful that it is intended as a humane law of a remedial nature; that its language is to be liberally construed; and that every injury sustained in the course of the employee's employment, and arising out of it, should be compensable. (*Shell Oil Co.* v. *Industrial Co.,* 2 Ill.2d 590.) The question in this case, however, is not one of construction but one of fact, namely whether Roney's disability was caused by an accidental injury in his employment. In the determination of such questions we will not undertake to decide where the preponderance of the evidence lies, nor will we substitute our judgment for that of the commission unless we can say its finding is clearly and manifestly against the weight of the evidence. (*Quaker Oats Co.* v. *Industrial Com.,* 414 Ill. 326; *Fransen Construction Co.* v. *Industrial Com.,* 384 Ill. 616.) The claimant has the burden, nevertheless, to show that the condition for which he claims compensation was the result of an accident, and it is the duty of the court to weigh and consider the evidence in the record to determine whether the finding is supported thereby.

The law is clear that aggravation or acceleration of a pre-existing disease is an injury which is compensable under the statute, if caused by some accident occurring in the course of employment. (*Quaker Oats Co.* v. *Industrial Com.,* 414 Ill. 326.) After a careful examination of the record in the present case, however, we think the finding that such an accident occurred is not supported by the evidence. Although the claimant's testimony concerning the alleged accident, standing alone, would be sufficient to justify an award, yet it was the duty of the commission to consider all the facts and circumstances in evidence. The commission is not warranted in finding for a claimant merely because there is some testimony which, if it stood alone and undisputed, might warrant such finding. *United*

*States Steel Corp.* v. *Industrial Com.,* 8 Ill.2d 407; *Conreaux* v. *Industrial Com.,* 354 Ill. 456.

In the case at bar the only evidence offered to prove that an accident occurred is the testimony of Roney himself, although he was working at the time elbow-to-elbow with the fellow employee, Hall, and the occurrence as related by the claimant was of a kind that could be expected to attract the attention of other workers. He could not remember the name of the foreman to whom he reported the accident, and gave a rather vague description of some other man, although his regular foreman, according to the latter's testimony, was on duty during the entire month in question. Roney also failed to remember the date of the claimed accident, and moved to amend the date alleged to a date "on or about" September 28.

Nothing appears to show there was visible evidence of trauma; and in his successive applications for nonindustrial group insurance benefits on account of the same disability, no mention was made of any accident or injury sustained in his work. On the contrary, he stated as a fact that there had been no plant injury and that the disability was not caused by an accident. The only explanation of these inconsistent statements in Roney's claims for nonoccupational disability benefits is an argument in his brief that they were prompted by the opinion of the doctors at the plant that the condition was not caused by an injury.

We conclude that the circuit court of Cook County erred in confirming the award. The judgment is accordingly reversed, and the award by the Industrial Commission is set aside.

*Judgment reversed; award set aside.*

Mr. JUSTICE BRISTOW, dissenting.