(No. 36426.—

ALLIS-CHALMERS MANUFACTURING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(SIDNEY MATSON, Defendant in Error).

*Opinion filed Nov. 30, 1961.—Rehearing denied Jan. 22, 1962.*

EARL S. HODGES, of Springfield, (SAMUEL C. PATTON, of counsel,) for plaintiff in error.

WM. H. BECKWITH, of Peoria, and C. A. LIVINGSTONE, of Springfield, for defendant in error.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The circuit court of Sangamon County affirmed an award under the Workmen's Compensation Act to Sidney Matson for an alleged back injury sustained in the course of his employment by Allis-Chalmers Manufacturing Company. We have allowed the employer's petition for writ of error. The principal questions are (1) whether there is sufficient evidence to support the finding of an accidental injury and (2) whether Matson's receipt of unemployment compensation affects his right to collect workmen's compensation payments for the same period of time.

The record shows that on March 10, 1958, the claimant, who had been employed by the company for some ten years, began a new job as a helper in the garage of the maintenance department. His hours of work were from 8:00 A.M. until 4:00 P.M. He had suffered from back trouble since 1950, and when he reported for work in the maintenance department he told the foreman that he could not do hard work, that he was unable to get under a truck or do other tasks requiring him to bend over, and that he had sustained an injury in 1950 which left him with a weak back. According to his testimony, on March 12, 1958, he "slipped on the oily floor" when he stooped over to pick up a jack, and experienced a sharp pain in the lower part of his back. He further testified that although two or three other men worked in the garage with him, no one was present at the time of the occurrence.

It happened, according to Matson's testimony, between 9:00 and 9:30 A.M. and he continued his work until the foreman came in about ten minutes later. He then reported the accident and was sent to the plant doctor. After an X ray was taken he returned to his work but was told shortly thereafter that he could not work any more and had to leave. Since that time he has been in the hospital several times for examination and treatment, and has not been em-

ployed. A physician who examined the claimant on the same day he filed his application with the Industrial Commission testified that he found a marked rigidity of the lumbar muscles and a painful arthritic condition which had probably been developing for some time, that a trauma such as a slipping and twisting of the back could aggravate the condition, and that the claimant is able to do light work but not heavy work.

Testimony by the foreman showed that on March 11, the day after Matson came to work in the maintenance department, he was told to report to the company doctor on his way to work the following morning, and that on the following day, March 12, he came in about 9:00 A.M. or a little after. The company doctor testified that he examined Matson on that date around 8:00 o'clock in the morning. The supervisor of nursing service testified that Matson came to the plant hospital at 7:30 on the morning of March 12 and left at 9:00 A.M. This is corroborated by Matson's employee pass, filled in at the time of the visit and introduced into evidence as an exhibit. It shows he entered the hospital at 7:30 and left at 9:00 A.M. The foreman further testified that at no time did Matson report to him the occurrence of an injury. The doctor testified the occasion for the examination was Matson's statement that he could not do the work assigned to him in the garage, which required bending over and greasing trucks and cranes. The witness could not recall any mention of an accident occurring on that date. Nor did Matson give any history of an accident at subsequent visits he made to the doctor's office.

On March 26, 1958, he applied to the Allis-Chalmers Mutual Aid Society for aid. The organization maintains a fund, made up of contributions by both employer and employee, to provide benefits during disability for nonindustrial causes. It does not cover disability from accident while on the job. An investigation was made by the compensation supervisor who visited Matson at his home. Matson at that

time stated that he had no recent injury. Thereafter benefits were paid to him for the period from March 13, 1958, to September 22, 1958, at the rate of $44.00 per week. Matson subsequently applied for unemployment compensation on the ground that he was ready and available for limited work. He was paid $30.00 per week by the State for a period from October 7, 1958, to June 15, 1959, and received supplemental unemployment benefits from a company trust fund set up for that purpose, at the rate of $17.55 per week during the same period. The present application was filed with the Industrial Commission on February 6, 1959.

The plaintiff in error insists that the award is contrary to the manifest weight of the evidence and that the circuit court erred in confirming it. We agree. Although the determination of factual issues is primarily within the province of the Industrial Commission, the court nevertheless has a duty to weigh and consider the evidence to ascertain whether the finding of the commission has a substantial support therein. (*Fisher Body Division* v. *Industrial Com.* 20 Ill.2d 538.) After carefully examining the record in this case, and giving to the commission's finding the presumption to which it is entitled, we think the conclusion that an accidental injury was sustained is against the manifest weight of the evidence.

It is not disputed that Matson suffered from a chronic back ailment both before and after the alleged accident of March 12, 1958. The medical evidence showed it to be an arthritic condition and a hardening of the bone with some inflammation in the area. It had been developing for a period of years. The claim for compensation is based upon the contention that the condition was aggravated by the alleged accident.

It is clear that an aggravation of a pre-existing disease is an injury compensable under the Workmen's Compensation Act if caused by some accident arising out of and in the

course of employment. (*Fisher Body Div.* v. *Industrial Com.* 20 Ill.2d 538.) But the happening of such an accident must be proved by a preponderance of competent evidence, as in other cases under the act. In the case at bar the only evidence of an accident is the uncorroborated testimony of the claimant himself. He says it happened at a time when no one else was present in the garage. His testimony that he reported it to the foreman when the latter returned is disputed by the foreman. His statement about going to the doctor thereafter (the accident having happened between 9:00 and 9:30 A.M.) is contradicted not only by the foreman's testimony but by that of the doctor and the supervisor of nursing service, as well as by the notations on the employee's pass to the effect that he arrived at 7:30 and left at 9:00 A.M. Moreover, his claim of accidental injury is inconsistent with his own statements and omissions in applications for the Mutual Aid benefits and unemployment compensation. We have repeatedly held that even though a claimant's testimony about an alleged accident might be sufficient, standing alone, to justify an award, it is not enough where a consideration of all the facts and circumstances shows that the manifest weight of the evidence is against it. (*Fisher Body Div.* v. *Industrial Com.* 20 Ill.2d 538; *United States Steel Corp.* v. *Industrial Com.* 8 Ill.2d 407; *Corn Products Refining Co.* v. *Industrial Com.* 6 Ill.2d 439.) We think that this rule applies in the present case and that the award is without sufficient basis in the evidence.

In view of our conclusion it is unnecessary to consider other questions raised by the plaintiff in error. The judgment of the circuit court is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed and award set aside.*