(No. 39987.—

DEERE AND COMPANY, Appellee, *vs.* THE INDUSTRIAL COM-
MISSION *et al.*—(RICHARD OSBORN, Appellant.)

*Opinion filed December 4, 1970.*

JOHN E. WALSH, of Rock Island, for appellant.

BOZEMAN, NEIGHBOUR, PATTON, HENSS & NOE, of
Moline, (HUBBARD B. NEIGHBOUR, of counsel,) for ap-
pellee.

Mr. JUSTICE WARD delivered the opinion of the court:

The appellant, Richard Osborn, filed a claim under the
Workmen's Compensation Act for an alleged injury sus-
tained in the course of his employment with the appellee,
Deere and Company. An arbitrator's award in favor of

Osborn was affirmed by the Industrial Commission. On *certiorari* to the circuit court of Rock Island County the award was set aside. The court held that the award of compensation was contrary to the manifest weight of the evidence since there was no evidence to support the claim of a work-connected injury; nor was there proper notice of the alleged accident to the employer, as the Act requires. The appellant under Rule 302(a) has appealed to this court. 43 Ill.2d R. 302(a).

There is no contention that the appellant was not injured and it will not be necessary to relate in detail the medical testimony regarding the appellant's injury. On July 30, 1963, the appellant filed a claim for compensation alleging that he had been injured in the course of his employment. At the hearing before the arbitrator the appellant testified that while operating a milling machine for the appellee, Deere and Company, he injured his back as he moved a 120-pound casting which was hanging from an overhead hoist. He said that as he pushed it he slipped on shavings which were on the floor. He did not fall, he testified, but he felt great pain in the center of his back, which radiated down his right leg. He testified that he told his foreman, Elmer Nielsen, and also the general foreman, Bob Simms, of the accident. The accident happened about noon on March 11, 1963, he testified, but he completed his day's work. However, he claimed that he phoned Dr. Joseph Kehoe, of Davenport, Iowa, a chiropractor, from the office of his foreman for an appointment that evening, after discussing the matter with the foreman.

The appellant testified that he was absent from work for seven days following the accident. He said further that he was treated by Dr. Kehoe every day for the first week and then every other day until the end of March. He returned to work on March 18 and was assigned to work on a lathe rather than at his former operation. On April 17, 1963, while working on the lathe and after bending over, he

was unable to stand erect. He testified that he notified his foreman and proceeded to the company's medical center. There he saw Dr. James Srail, who took X rays and recommended that the appellant see Dr. William Reinwein, an orthopedist.

The appellant was hospitalized by Dr. Reinwein from April 17 until April 29, when he was discharged. He wore a brace until he was hospitalized a second time on June 13, 1963.

On June 23, 1963, surgery was performed on the appellant's lower back by Dr. Reinwein. The surgery was described by Dr. Reinwein as a posterior spine fusion. The appellant was released from the hospital on July 22, 1963 and returned to work on October 28, 1963. It appears that the appellant has worked without interruption since October 28, 1963.

Dr. William Reinwein, who was called to testify by the appellant, said that his notes contained no reference to any accident suffered by the appellant on March 11, 1963. The witness said the appellant told him on his visit of June 13, 1963, that his complaints related to events of four months before and that when the appellant was hospitalized on April 17, 1963, he told him that his physical difficulties had begun in September of 1962.

Elmer Nielsen, the appellant's foreman, who was called by the appellee, testified that the company rules required an immediate report of an industrial accident by an employee to the foreman and that the company policy required the injured employee to be sent promptly to the company medical center. Nielsen stated that he was unaware of any injury or accident involving the appellant and denied having received any report of an accident by the appellant at any time in March 1963. He stated that if he had received a report of an accident he would have directed the appellant to the medical center.

Dr. James J. Srail also testified for the appellee and said that he had treated the appellant on September 13, 1962, and April 17, 1963. On September 13, 1962, the appellant had complained of pain in the right hip and on April 17, 1963, he had complained of pain principally in the left hip. On neither occasion did the appellant state that he believed the pain was related to an industrial injury. Dr. Srail stated that on April 17, 1963, the appellant had told him that his leg problems had begun about a month before—on a Sunday.

Joseph Hanson, the director of employment relations for the appellee, testified that the first time he was aware that the appellant had allegedly suffered an industrial injury was when he had received notification that a claim had been filed by the appellant with the Industrial Commission on July 30, 1963. Hanson stated that on March 11, 1963, the appellant came to his office and told him he would be off work for an indefinite period. When he asked the appellant how his injury had occurred, the appellant stated he did not know and knew of no incident which might have caused the problem. Hanson further testified that he specifically asked the claimant if he had injured himself at work and that the appellant replied he had not.

Dr. Billie H. Shevick, one of the appellee's medical staff, testified that the medical records of the company contained no reference to any claim of accident by the appellant in March of 1963, or at any other time and that the only time he ever received such a history was when, in connection with an examination arranged by the company on May 6, 1964, for the purpose of these proceedings, he asked the appellant for a history and was told of an industrial accident April of 1963.

The appellee introduced into evidence an application for a claim under the company's nonoccupational insurance plan which the appellant presented to Dr. Kehoe when he

visited him on March 12, 1963. A similar claim form was completed by the appellant and filed for the treatment received from Dr. Reinwein.

We do not consider that the circuit court of Rock Island County erroneously found that the award was contrary to the manifest weight of the evidence.

The only evidence introduced to show an industrial accident was the testimony of the appellant himself, entirely uncorroborated by any other evidence. The appellant admitted that he knew that his employer, the appellee, maintained physicians and other medical personnel at its medical center to treat job-connected injuries. He conceded that he did not request to go to the company medical center on the day of the alleged injury but decided instead to go to a private chiropractor. He made application for nonoccupational benefits under a company insurance policy to cover treatment received from Drs. Kehoe and Reinwein. Though the appellant also claimed he informed his foreman of his accident, his foreman had no recollection of receiving such information and certainly the appellant did not proceed to the medical center. The position of the appellant is that he informed the treating physicians of this accident at work and requested workmen's compensation benefits from Mr. Hanson, the company's director of employee relations. However, there is no evidence that the physicians who treated him were aware of the claimed industrial injury and, in fact, Dr. Reinwein in his testimony stated he was never informed it was such an injury. Hanson testified that the appellant had stated to him that he did not know the cause of his physical difficulty.

The burden of proof was upon the appellant, as the claimant under the Workmen's Compensation Act, to prove all the elements of his right to compensation. *Eyzen* v. *Industrial Com.,* Docket No. 42758; *Beletz* v. *Industrial Com.,* 42 Ill.2d 188; *City of Chicago* v. *Industrial Com.,* 41 Ill.2d 143.

It is true that the testimony of a claimant standing alone may support an award, but here the appellant's testimony does not stand alone. It is contradicted by several witnesses and inconsistent with the action of the appellant himself in applying for benefits under the company's nonoccupational insurance plan. No witness gave any evidence which directly supported the appellant's position of an industrial accident causing his injury. As we stated in *Allis-Chalmers Manufacturing Co.* v. *Industrial Com.,* 35 Ill.2d 367 at p. 370, regarding the burden of proof of the claimant under the Act, quoting from *Arbuckle* v. *Industrial Com.,* 32 Ill.2d 581, 585-6, " 'To recover benefits under the Workmen's Compensation Act, a claimant has the burden of proving all elements of his case * * * by a preponderance or greater weight of the evidence, and an award that is not supported by substantial evidence must be set aside. (*Canhan Sheet Metal Corp.* v. *Industrial Com.,* 31 Ill.2d 325; *American Brake Shoe Co.* v. *Industrial Com.,* 20 Ill.2d 132.) It is well established that liability cannot rest upon imagination, speculation or conjecture, but must arise out of facts established by a preponderance of the evidence, (*Mirific Products Co.* v. *Industrial Com.,* 356 Ill. 645,) and further, that although a claimant's testimony standing alone may be suffiicent to allow an award, an award is not justified if all of the facts and circumstances in the record preponderate in favor of the opposite conclusion. (*Bernard* v. *Industrial Com.,* 25 Ill.2d 254.) And while it is primarily within the province of the Commission to determine questions of fact, * * * (*Electro-Motive Division, General Motors Corp.* v. *Industrial Com.,* 411 Ill. 224,) it is nevertheless the duty of a reviewing court to weigh the evidence, and if the Commission's decision is against the manifest weight of the evidence, it must be set aside. (*United States Steel Corp.* v. *Industrial Com.,* 8 Ill.2d 407; *Corn Products Refining Co.* v. *Industrial Com.,* 6 Ill.2d 439.) Applying these principles to the evidence in the record at

hand, it is our opinion that the decision of the Commission was erroneous in this case." See also *Electro-Motive Div., General Motors Corp.* v. *Industrial Com.*, 25 Ill.2d 467; and *United States Steel Corp.* v. *Industrial Com.*, 8 Ill.2d 407.

Here, too, we consider that the award of the Commission was contrary to the manifest weight of the evidence. The judgment of the circuit court of Rock Island County is affirmed.

*Judgment affirmed.*