(No. 50530.▮

CATERPILLAR TRACTOR CO., Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Harley R. Stiles, Appellant.)

*Opinion filed November 22, 1978.*

Jay H. Janssen, Jerelyn D. Maher, and Kenneth L. Ott, of Peoria, for appellant.

Robert F. Fahey, of Peoria, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Complainant, Harley R. Stiles, filed a claim under the Workmen's Compensation Act for back and leg injuries purportedly sustained in an accident on September 25, 1973, while employed by Caterpillar Tractor Company. An arbitrator ruled in favor of Stiles, and that award was affirmed by the Industrial Commission. The circuit court of Peoria County set aside the award of the Commission. This appeal followed.

The employer, Caterpillar Tractor Company, argues that the behavior of the claimant was inconsistent with his testimony that he was injured as a result of the September 25, 1973, accident. They note that not only is there no objective evidence of the severity of the September 25

accident but also there is strong evidence that this injury was caused by claimant's shoveling gravel on the weekend of September 29 and September 30, 1973. The question before this court is whether the allowance of a workmen's compensation award to Stiles was against the manifest weight of the evidence. We believe that it was.

Stiles urges that on September 25, 1973, while at work, he and a co-worker, Milton Wilder, were attempting to turn over a tractor frame when a hook on the overhead hoist dislodged. The hook hit Stiles and he fell on another tractor frame behind him. Though Stiles told the foreman of his accident he complained of no injury. No witnesses other than Stiles himself testified about the alleged accident.

The events shortly after September 25, 1973, indicate that something other than the industrial accident precipitated Stiles' medical problems. Following the accident of September 25, the complainant continued to work the remainder of the week until September 28. No medical treatment was sought and no official report of the accident was made. On September 28, 7½ tons of gravel were delivered to the home of Mr. and Mrs. Stiles. Mrs. Stiles paid for the gravel with a check and she was given a receipt, both were dated September 28, 1973. On October 1, Mrs. Stiles called the Caterpillar plant and, according to an absence notice report, told Lynn Thomas Tripp, a safety investigator for Caterpillar, that Stiles would not be to work that evening because he had hurt his back shoveling gravel at home. On October 2, Mrs. Stiles again called the Caterpillar plant and, again according to the absence notice report, told Tripp that Stiles would not be to work that evening because he had hurt his back shoveling gravel at home.

Finally, on October 3, Stiles, himself, reported to Tripp that he would not be at work because he had injured his back on September 25 at the Caterpillar plant. At that

stage, Tripp investigated the alleged accident and found that the foreman did not see the accident or make a report on it, but he was told about it on the 25th. Stiles had assured the foreman on September 25 that the accident "didn't bother him."

From the hearing before the arbitrator, it is apparent that Stiles inaccurately recalled the events after the September 25, 1973, accident. He testified that he did not go back to work after the accident because his back was painfully sore. Yet, his wife reported to Tripp over the phone on October 1 and October 2 that Stiles' last day of work was September 28, several days after the accident. Stiles, himself, reported to Tripp on October 3, 1973, that his last day of work was September 28, and the foreman reported to Tripp on October 3 that Stiles had continued to work through the week of the accident.

Stiles also testified that he received no gravel at his home before the weekend of September 29 and September 30. Yet, Mrs. Stiles wrote a check in payment for the gravel dated September 28, and she was given a delivery receipt for the gravel dated September 28. In addition, Mrs. Stiles reported to Caterpillar on two successive nights that her husband could not make it to work because he had hurt his back shoveling gravel over the weekend of September 29 and September 30.

While it is normally the province of the Industrial Commission to decide disputed issues of fact (*Converters, Inc. v. Industrial Com.* (1975), 61 Ill. 2d 218, 223; *Gubser v. Industrial Com.* (1969), 42 Ill. 2d 559, 562; *Bernard v. Industrial Com.* (1962), 25 Ill. 2d 254, 257), a court will reverse the Commission's decision where it appears from the record that the decision is against the manifest weight of the evidence. (*Rockford Clutch Division, Borg-Warner Corp. v. Industrial Com.* (1967), 37 Ill. 2d 62, 67; *Fisher Body Division, General Motors Corp. v. Industrial Com.* (1960), 20 Ill. 2d 538, 543; *United States Steel Corp. v.*

*Industrial Com.* (1956), 8 Ill. 2d 407, 411; *Corn Products Refining Co. v. Industrial Com.* (1955), 6 Ill. 2d 439, 443.) Although a claimant's own testimony may be sufficient to support an award, when the claimant's testimony is virtually the only evidence favoring an award, and that testimony is repeatedly contradicted by the record, then it is this court's duty to disallow the claim. (*Deere and Co. v. Industrial Com.* (1970), 47 Ill. 2d 144, 149; *Allis-Chalmers Manufacturing Co. v. Industrial Com.* (1961), 23 Ill. 2d 497, 500; *United States Steel Corp. v. Industrial Com.* (1956), 8 Ill. 2d 407, 413.) That a decision favoring Stiles is against the manifest weight of the evidence is readily apparent from the testimony and exhibits presented.

The accident of September 25, 1973, according to the October 3 report, was immediately characterized by Stiles as nothing serious. Mr. Stiles continued to work after the accident, without complaint, for several days. No accident witnesses, other than Stiles, testified or provided information to the Commission, and no evidence as to the severity of the accident itself appears in the record. In addition, an alternative cause of this injury—shoveling gravel—is forcefully shown in the documents and testimony. While Stiles denied that any gravel was delivered before he reported in sick, the cancelled check and receipt both demonstrate that the gravel was delivered before the weekend of September 29 and September 30. On two separate occasions Mrs. Stiles told a representative of the company, Tripp, that her husband was injured while shoveling gravel. The claimant neither proved that the September 25 accident caused his injury, nor could he explain away the strong proof that he caused his injury by shoveling gravel.

From an analysis of the entire record, we must conclude that a finding which allows an award is against the manifest weight of the evidence and cannot stand. We therefore affirm the judgment of the circuit court of Peoria County.

*Judgment affirmed.*