(No. 51140.-

RALPH WALDEN, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Firestone Tire & Rubber Co., Appellee).

*Opinion filed June 1, 1979.*

Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington (Ralph Schroeder, of counsel), for appellant.

Henry D. Noetzel & Associates, of Peoria (Henry D. Noetzel, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

Ralph Walden, claimant, sought a workmen's compensation award for injuries he allegedly received as the result of a fall down steps outside a hotel in Cleveland, Ohio, on March 31, 1976. An Industrial Commission arbitrator denied claimant any compensation, finding that claimant had failed to prove that he sustained accidental injuries arising out of and in the course of his employment by Firestone Tire & Rubber Company (Firestone). The Commission affirmed the arbitrator's determination on review. On *certiorari* to the circuit court of McLean County, the Commission's decision was confirmed, the

circuit court holding that the findings and decision of the Commission were not against the manifest weight of the evidence. Claimant has appealed to this court pursuant to Rule 302(a). 58 Ill. 2d R. 302(a).

Claimant was a machine operator with Firestone in Bloomington and was president of the local union. One of his duties in connection with the latter position was to represent the union in grievance disputes between local union members and Firestone. The company was usually represented in grievance matters by John Call, industrial relations and personnel manager. Claimant testified that sometimes he also discussed local grievances, by telephone, with Jake Miller, Firestone's coordinator, who was located in Akron, Ohio.

Claimant, as his local union's designated representative to the international union's master contract negotiations, attended such negotiating sessions in Cleveland, Ohio, from February of 1976 through the end of August. On March 31, 1976, the day of claimant's injury, both John Call and Jake Miller were also in Cleveland. The parties stipulated that, at the time in question, an employer-employee relationship existed between Firestone and claimant, although claimant performed no duties as an employee and his wages and expenses were paid by the local union during this period.

Regarding his injury, claimant testified that, as he walked down steps outside his hotel, he missed a step and twisted his ankle. He claimed that he was on his way to his automobile in the parking garage to gather grievance material to show to Miller. After he fell, claimant continued on to his car, got the grievance material, and thereafter discussed the material with Miller. The next day, claimant went to a Cleveland physician, who put a cast on his leg.

Claimant has devoted a goodly portion of his argument to the issue of whether an injury which occurs in the

course of union activity is compensable as "arising out of and in the course of the employment" (Ill. Rev. Stat. 1975, ch. 48, par. 138.2). He does not contend that his participation in the master contract negotiations provides the basis for compensation. Rather, he contends that he qualifies for compensation based on his assertion that his injury occurred on the way to his automobile to get his local union grievance material to discuss with Jake Miller.

The claimant in a workmen's compensation proceeding bears the burden of proving the necessary elements which permit an award. (*Brown v. Industrial Com.* (1974), 57 Ill. 2d 313, 316.) We view the decision of the Commission, affirming the arbitrator, as a determination that claimant failed to sustain his burden of proving this assertion with sufficient credible evidence. We note that claimant's testimony, regarding his being en route to get his local grievance material when his injury occurred, was uncorroborated. Jake Miller did not appear as a witness. John Call testified that he did not remember claimant ever telling him where or when the accident happened, or where he was going or what he was doing at the time. Furthermore, claimant admits that no time was set aside during the period of the Cleveland negotiations for discussion of local grievances.

It is not this court's role to independently weigh the evidence and decide factual issues; it is the Commission's function to make all factual determinations in the first instance. The court may upset a factual determination of the Commission only when it is contrary to the manifest weight of the evidence. (*Warren v. Industrial Com.* (1975), 61 Ill. 2d 373, 376.) Having applied this standard in reviewing the entire record, we do not believe the Commission's determination should be disturbed.

Accordingly, the judgment of the circuit court is affirmed.

*Judgment affirmed.*