(No. 51519.- )

GEORGE PHELPS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Crescent Drilling Co., Appellee).

*Opinion filed September 19, 1979.*

Harris & Lambert, of Marion, for appellant.

Keefe & De Pauli, P.C., of East St. Louis, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

Claimant, George Phelps, injured either his left or right knee or both on June 19, 1974, when he fell and struck it or them on a rotary table while in the course of his employment as a "roughnecker," or driller helper in an oil field, with Crescent Drilling Co., respondent. On March 27, 1975, claimant filed his application for adjustment of claim, alleging he "slipped on rotary rig and left knee hit rotary table." The arbitrator, finding the injury occurred in the course of employment, awarded claimant $80.90 a week for 40 weeks for the permanent "loss of use of the left leg to the extent of 20%," plus "$80.00 for necessary first aid, medical and hospital services." The Industrial Commission found claimant sustained injuries in the course of employment and allowed the award of $80, but

held claimant sustained no permanent disability. The circuit court of White County confirmed. The issue is whether the decision of the Commission was against the manifest weight of the evidence.

Claimant testified both his knees hit the rotary table though the left knee hit it with greater force, that his left knee has frequently "locked up" since, and he never had problems with his right knee. He also testified Crescent replaced him, but he said he found another job within a week. Claimant, who could not read or write well, denied that, when having the forms filled out, he ever indicated injury to his right knee. On behalf of claimant, the arbitrator admitted the evidence deposition of Dr. Edward Brundick, who examined claimant in March of 1975, concluded he had suffered permanent damage to his left knee, recommended surgery to claimant, who declined it, and otherwise did not treat claimant's left knee. Dr. Brundick also stated claimant's left knee had no atrophy and no limitation of movement. Marjorie Slack, secretary and payroll clerk for Crescent, testified that she received a report from the driller, claimant's immediate boss, that claimant bumped his right knee, and that she mailed to claimant a report, indicating injury to the right knee, which was later returned to Crescent. Exhibit copies of these reports in the record confirm this. On behalf of Crescent, the arbitrator admitted the evidence deposition of Dr. Phillip Boren, who treated claimant for injury to his right knee the day after the accident, examined him a week later and released him for work, and examined him for the last time in March 1975 when claimant complained of pain in his left knee. Dr. Boren then referred claimant to Dr. Brundick.

The Commission is charged with the function of determining facts, including disputed facts, drawing reasonable inferences and conclusions, judging the credibility of witnesses, and deciding the extent of

disability. A reviewing court will not reverse that decision unless it is contrary to the manifest weight of the evidence. (*Owens-Illinois Glass Co. v. Industrial Com.* (1968), 39 Ill. 2d 312, 316. Accord, *e.g., Cebulski v. Industrial Com.* (1971), 48 Ill. 2d 289, 294; *Ford Motor Co. v. Industrial Com.* (1976), 62 Ill. 2d 337, 341-42.) We cannot say that is the situation here after a review of the record. *Quick v. Industrial Com.* (1972), 53 Ill. 2d 46, cited by claimant, does not benefit him because here the evidence supports the Commission's findings that claimant injured himself (even though it failed to specify which knee) but that it was not permanent. Claimant admitted bumping both knees but the evidence was conflicting about which, if either, suffered greater injury and whether there was permanent damage. This was for the Commission to resolve.

For these reasons, the judgment of the circuit court of White County is affirmed.

*Judgment affirmed.*