(No. 53061.-

CATERPILLAR TRACTOR CO., Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Clara D. Johnson, Appellant).

*Opinion filed December 19, 1980.*

CLARK, J., and GOLDENHERSH, C.J., dissenting.

Harvey & Stuckel, of Peoria (David W. Stuckel, of counsel), for appellant.

Robert F. Fahey, of Peoria, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Claimant, Clara D. Johnson, filed an application for an award under the Workmen's Compensation Act (Ill.

Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*) for injuries she allegedly received bending to lift a part from a tub while employed with Caterpillar Tractor Company at its Mossville facility. An Industrial Commission arbitrator awarded compensation for temporary total incapacity for work and for partial permanent loss of the use of her legs, finding claimant sustained accidental injuries arising out of and in the course of her employment. The Commission affirmed. On *certiorari* to the circuit court of Peoria County, the Commission's decision was reversed, the circuit court finding the award of the Industrial Commission to be contrary to the manifest weight of the evidence. Claimant has appealed to this court pursuant to Rule 302(a) (73 Ill. 2d R. 302(a)).

The claimant testified that on August 9, 1976, while at her employment at a burr bench and washing tank, she bent over a tub to lift out a part she would work on and felt a sudden pain in her back. Neither its weight nor a description of the part is disclosed in the record. She complained to a fellow worker of the injury and asked her line supervisor if she could go to the first aid department. There she received heat treatment to her back and went home before completing her shift. The following day she consulted her family physician, who placed her in a hospital. She underwent a lumbar laminectomy at the hospital and testified that she has continuing pain in her back and both legs.

The claimant had a history of prior difficulties with her back which were not job related. The trouble started when she wrenched her back while playing with her grandchild at home in June 1975. She was hospitalized three times, for a total of 31 days, and missed about 18 weeks of work in the 13 months prior to August 2, 1976, when she returned to work following her most recent absence.

The only other witness to testify was the claimant's

line supervisor, Roger W. Jackson. He testified that when the claimant asked if she could go to the first aid department she stated that she did not hurt her back at work. A dispensary note prepared by the nurse who saw the claimant reads in part: "States this is the fifth time in past year it has happened and she didn't do it at work."

The family doctor wrote "no history of accident" in the hospital record. On an application form for nonoccupational group benefits the claimant circled "no" in answer to the question, "Was an accidental injury involved?" The family doctor completed the doctor's side of the form and checked "no" to the question, "In your opinion was the patient's disability caused by an injury at work?"

The claimant was asked what constituted an accident in her mind, and she responded, "To me an accident is if you fall or something falls on you, or you drop something or you are in a car wreck."

The issue before the trial court and here is whether the decision of the Industrial Commission is against the manifest weight of the evidence, since only in that case will its decision be set aside. (*United Airlines, Inc. v. Industrial Com.* (1980), 81 Ill. 2d 85; *Phelps v. Industrial Com.* (1979), 77 Ill. 2d 72; *Walden v. Industrial Com.* (1979), 76 Ill. 2d 193.) The standard to be applied in the present case was stated by us in *Corn Products Refining Co. v. Industrial Com.* (1955), 6 Ill. 2d 439, 442-43:

> "It is well settled that a claimant under the Workmen's Compensation Act must prove by direct and positive evidence, or by evidence from which the inference can be fairly and reasonably drawn, that the accidental injury arose out of and in the course of his employment. [Citation.] The burden is upon the applicant to establish by a preponderance of competent evidence all of the essential elements of his right to compensation [citation];

and even though there is evidence in the record which, if undisputed, would sustain a finding for the applicant, such evidence is not sufficient if, upon consideration of all the testimony and circumstances shown in the record, it appears that the manifest weight of the evidence is against such finding. [Citations.] "

This court has cited *Corn Products* with approval, most recently in *Caterpillar Tractor Co. v. Industrial Com.* (1978), 73 Ill. 2d 311. See also *Deere & Co. v. Industrial Com.* (1970), 47 Ill. 2d 144.

In the present case the claimant's uncorroborated testimony is contradicted not only by the testimony of her line supervisor and various documents, but also by her prior written statements. The claimant answered "no" to the question, "Was an accidental injury involved?" on an application form for nonoccupational group benefits. We note, too, the absence of any explanation of the reason claimant's coworker, to whom claimant said she complained, was not called as a witness. Nor was there any medical testimony connecting the work episode to which claimant testified with the laminectomy and ensuing disability. This court has in several cases set aside awards of the Commission as being against the manifest weight of the evidence where the only evidence that the injury arose out of and during the course of employment was the uncorroborated testimony of the claimant which was contrary to prior written statements by the claimant. (*Rockford Clutch Division, Borg-Warner Corp. v. Industrial Com.* (1967), 37 Ill. 2d 62; *Electro-Motive Division, General Motors Corp. v. Industrial Com.* (1962), 25 Ill. 2d 467; *Mechanics Universal Joint Division, Borg-Warner Corp. v. Industrial Com.* (1961), 23 Ill. 2d 441; *Fisher Body Division, General Motors Corp. v. Industrial Com.* (1960), 20 Ill. 2d 538; *United States Steel Corp. v. Industrial Com.* (1956), 8 Ill. 2d 407; *Corn Products.*) Claim-

ant's testimony as to what she considered an accident to be seems a less than adequate explanation of her prior inconsistent written statement. In *United States Steel* the court stated, "Obviously statements in formal written documents cannot be tendered at face value for the purpose of obtaining benefits, and then lightly explained away when they stand in the way of claims for other benefits of an inconsistent nature." 8 Ill. 2d 407, 413-14.

We have repeatedly held that even though a claimant's testimony about an alleged accident might be sufficient, standing alone, to justify an award, it is not enough where a consideration of all the facts and circumstances shows the manifest weight of the evidence is against it. (*Allis-Chalmers Manufacturing Co. v. Industrial Com.* (1961), 23 Ill. 2d 497.) Although in the present case the claimant's testimony, when taken alone, might justify an award, consideration of the entire record indicates the award is against the manifest weight of the evidence. In this respect this case differs from *Pheoll Manufacturing Co. v. Industrial Com.* (1973), 54 Ill. 2d 119, in that there the claimant had made no prior inconsistent statements and such other testimony as there was did not contradict her claim.

Claimant also urges the award should be sustained as an aggravation of her preexisting condition. She obviously had a severe back problem as indicated by the amount of time immediately prior to the date in question during which she was hospitalized or missed work because of her back condition, which had been diagnosed as an acute and chronic low-back syndrome.

While the existence of prior back problems does not deprive the claimant of the right to an award (*International Vermiculite Co. v. Industrial Com.* (1979), 77 Ill. 2d 1), the connection between the employment and subsequent problems must be established. The mere fact that the employee was at work or engaged in some work-related activity when the episode occurred is not alone sufficient

to support an award. (*County of Cook v. Industrial Com.* (1977), 68 Ill. 2d 24; *Illinois Bell Telephone Co. v. Industrial Com.* (1966), 35 Ill. 2d 474.) Given the fact that such medical evidence as is present here indicates the absence of any connection between claimant's back problem and her employment, and the inconsistent actions of claimant, we believe the circuit court did not err in setting aside the award of the Industrial Commission as contrary to the manifest weight of the evidence.

The judgment of the circuit court is accordingly affirmed.

*Judgment affirmed.*

MR. JUSTICE CLARK, dissenting:

I dissent because the majority has resolved anew the conflicting evidence in this case and has substituted its inferences for the inferences the Commission made. First, it is clear that the claimant was under a misapprehension about what constitutes an accident. The majority quotes her: "To me an accident is if you fall or something falls on you, or you drop something or you are in a car wreck." (83 Ill. 2d at 216.) This answer shows that the claimant probably did not consider what happened to her to be an accident. It is significant that she was never specifically asked whether she considered her lifting incident to be an "accident." Her response to that question would resolve any doubt about why her answers on forms and her statements were inconsistent with her contention here that she suffered an accidental injury at work. As her answer stands, I think the arbitrator and the Commission were justified in finding that the claimant suffered an injury at work which arose out of her employment, since it occurred when she was lifting a part out of a tub. The arbitrator and Commission obviously discounted the claimant's inconsistent statements in light of all the evidence and the likelihood that the claimant did not fully under-

stand what was meant by the term "accident." The arbitrator and the Commission have resolved any conflicts and ambiguities in favor of the claimant and have found that her injury was compensable. The circuit court and the majority are incorrect to inject their interpretation of the conflicts and ambiguities in the evidence into the case.

Moreover, the majority concedes that the claimant has a "severe back problem" (83 Ill. 2d at 218), and there is no medical evidence of deterioration to the point where *any* activity might cause harm (see *County of Cook v. Industrial Com.* (1977), 68 Ill. 2d 24, 33; *Greater Peoria Mass Transit District v. Industrial Com.* (1980), 81 Ill. 2d 38, 43). The fact that the claimant had recently received medical treatment for her back problem and had been permitted to return to work indicates that no deterioration was occurring but, instead, her condition was improving. Thus, the Commission was correct to find that the claimant's condition was aggravated by the lifting she was required to do at work (*Greater Peoria Mass Transit District v. Industrial Com.* (1980), 81 Ill. 2d 38, 43; *Riteway Plumbing v. Industrial Com.* (1977), 67 Ill. 2d 404, 412) and that her resulting injury was compensable. I would reverse the circuit court.

MR. CHIEF JUSTICE GOLDENHERSH joins in this dissent.