LYLE VANOVER, Appellant, *v.* THE INDUSTRIAL COMMISSION *et al.*
(Pierce Glass Co., Appellee).
Fourth District (Industrial Commission Division)   No. 4—84—0098 WC

Opinion filed June 7, 1984.

Steven W. Berg, of Calandrino, Logan & Berg, P.C., of Springfield, for appellant.

Heyl, Royster, Voelker & Allen, of Springfield (Gary Borah, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, Lyle Vanover, appeals from a judgment of the circuit court of Logan County confirming a decision of the Industrial Commission. An arbitrator found that petitioner had suffered from accidental, work-related injuries and awarded him $173.36 per week for 25�5/7 weeks for temporary total disability, $173.36 for an additional 25 weeks for 5% permanent partial disability, and $3,260.36 for necessary medical services. On review the Commission found that petitioner was entitled to temporary total disability for right and left hernias but that he had not established a causal connection between his complaint of a lower back injury and his employment. It thereupon reduced the

award to 18²/₇ weeks of temporary total disability and $1,279.56 for necessary medical services for treatment of the hernias.

Petitioner was employed by respondent, Pierce Glass Company, as a relief driver. On October 15, 1978, while lifting a drum of broken glass, he felt a snap in his lower back region. After emergency room treatment, petitioner was referred to Dr. Gilbert Blaum, his family physician. Dr. Blaum diagnosed right and left inguinal hernias and performed surgery on the left side in November 1978, and on the right side in January 1979. On February 20, 1979, petitioner returned to work as a yardman.

At the arbitration hearing petitioner testified that his back pain began while he was recuperating from the first hernia surgery. Although he complained to Dr. Blaum about the pain, Dr. Blaum did nothing about it. The back pain worsened after the second surgery and persisted when he returned to work. On September 21, 1979, petitioner commenced treatment with Dr. Robert Wiehe, a chiropractor. Petitioner was then referred to Dr. David Mack, an orthopedic specialist. Dr. Mack hospitalized petitioner for a lumbar myelogram and thereafter treated him with therapy and traction. Petitioner was permitted to return to work on December 3, 1979, as a tow-motor mechanic.

Dr. Wiehe's testimony was given in the form of an evidence deposition in which he stated that petitioner's failure to seek medical treatment for lower back pain until 11 months after the trauma was not unusual since an injury to a disc can become asymptomatic. As the degenerative process continues, the symptoms become severe. In his opinion, there was a causal connection between the lifting incident of October 15, 1978, and petitioner's lower back pain. Dr. Wiehe's notes indicated that petitioner first noticed back pains one month prior to his first visit in September 1979.

Dr. Blaum testified by means of an evidence deposition that he could not give an opinion as to whether petitioner's back injury was related to the 1978 accident. Petitioner never complained to Dr. Blaum about his back pain, either after the accident or during his post-operative visits. In June 1979, Dr. Blaum treated petitioner for an injury to a finger, sustained while playing basketball.

Petitioner introduced a report from Dr. Gordon Schultz, an orthopedic specialist who examined him. Dr. Schultz stated that petitioner's back problem might be related to his injury at work. At the hearing on review, petitioner offered a letter from Dr. Walter Wheelhouse, an orthopedic specialist who was then treating him. Dr. Wheelhouse opined that the lifting injury may have aggravated petitioner's back

condition.

Respondent introduced into evidence petitioner's application for adjustment of claim filed with the Commission in July 1979. The only injuries set forth were hernias; no mention was made of lower back injuries.

On appeal petitioner contends that the Industrial Commission's decision that he failed to prove a causal connection between his lower back condition and his work-related injury was against the manifest weight of the evidence.

■ Petitioner has the burden of establishing a causal connection between his injury and his employment. (*Caterpillar Tractor Co. v. Industrial Com.* (1980), 83 Ill. 2d 213, 414 N.E.2d 740.) And we will not substitute our judgment for that of the Commission on factual questions, including the matter of causal connection. *Owens-Illinois Glass Co. v. Industrial Com.* (1968), 39 Ill. 2d 312, 235 N.E.2d 611.

■ We find that the Commission's decision is amply supported by the evidence. The Commission had before it evidence that, despite being treated for two hernias and an unrelated injury, petitioner never mentioned back pain or injury to his treating physician; that petitioner told Dr. Wiehe that he first had back pain in August 1979; that petitioner's claim for adjustment did not mention a back injury; that following the hernia surgery, petitioner did not miss work until nearly one year after the incident; and that in June 1979, petitioner was injured while playing basketball. The Commission's decision that petitioner had not established a causal connection between his lower back injury and his employment was not against the manifest weight of the evidence.

For the reasons stated, the judgment of the circuit court of Logan County confirming the decision of the Industrial Commission is affirmed.

Judgment affirmed.

SEIDENFELD, P.J., and BARRY, WEBBER, and KASSERMAN, JJ., concur.